James J. DOMENICA, Petitioner, Appellant,

v.

UNITED STATES of America, Respondent, Appellee.

No. 5784.

United States Court of Appeals First Circuit.

June 29, 1961.

James J. Domenica, pro se, on brief for appellant.

Elliot L. Richardson, U. S. Atty., and William J. Koen, Asst. U. S. Atty., Boston, Mass., on brief for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is an appeal from the denial, on its face, of a motion under 28 U.S.C. § 2255 to "vacate a judgment of conviction" entered upon a plea of guilty, or, alternatively (although not prayed for artistically), to vacate the sentence. On October 30, 1958, an indictment was returned in the United States District Court for the District of Massachusetts in three counts against petitioner and others, Count 3 charging armed robbery of a bank insured by the Federal Deposit Insurance Corporation (18 U.S.C. § 2113 (d)). On the following day petitioner appeared for arraignment, accompanied by counsel, and pleaded not guilty. Bail was set and subsequently furnished. Trial was delayed because of the alleged mental incompetency of another defendant. After his sanity was determined, that defendant pleaded guilty and was sentenced. Thereafter, on January 25, 1960, petitioner appeared before the court, retracted his pleas of not guilty, and pleaded guilty to all three counts. Sentence was imposed on Count 3, which he is presently serving. The other two counts were later dismissed. On November 9, 1960, petitioner filed his present motion in the district court. This motion was denied without opinion, and he appeals.

The above facts appear of record. Petitioner's motion alleges certain other facts. In view of its denial without hearing we must, for present purposes, take the factual allegations therein as true, except to the extent that they are contradicted by the record or are inherently incredible, and to the extent that they are merely conclusions rather than statements of fact. It thus appears that on November 1, 1958, petitioner was indicted in the state court. The recitation of the state charges indicates that the acts alleged were in substance the same as those in the federal indictment. On November 30, 1959, petitioner pleaded guilty in the state court and was sentenced to a correctional institution. Petitioner states that his plea was obtained "through coercion." We will not accept this unsupported conclusion, but it is presently immaterial.

Petitioner next asserts that on December 14, 1959, when his codefendant changed his plea and was sentenced in the district court, petitioner was present with his counsel, that he informed counsel of his innocence and his desire for a trial, and that he heard counsel so inform the court. Petitioner states, "Then the clerk of Courts read off the indictments against me, and I, pleaded not

guilty." In view of the fact that the record reflects no such occurrence, but on the contrary shows that the defendant had already been arraigned and had pleaded not guilty on October 31, 1958, we cannot believe that this event took place on the date alleged. Rather, petitioner must here be speaking of October 31, 1958. The motion continues, "Upon leaving the courtroom I talked with my attorney * * * and I asked him to explain the charges to me. He told me that he didn't have time and for me not to worry that he would take care of everything. I gave him names of witnesses that could help to prove that I was innocent to him."

▮ Petitioner's argument assumes, although he never specifically alleged it, that he did not understand the nature of the charges. At the time of arraignment this may have been the case,[1] but this would be of no consequence. Before his eventual plea petitioner was out on bail for a year and constantly represented by counsel of his choice, to whom, according to the petition, he paid a substantial fee. The indictment is a simple one. We could not, on this record, believe that by January, 1960, petitioner did not understand it.

Petitioner further alleges that on January 25, 1960, he had expected his counsel to be present with witnesses, but that counsel told him there was no need for witnesses because he had already been convicted in the state court, and "if you fight this case they will make it tough for you. [Counsel] had me so emotionally upset that I could not think straight." Petitioner alleges that counsel refused him "permission" to speak to the United States Attorney and to the court and told him that a defendant represented by counsel is not allowed to speak himself. "I went into the courtroom in a fog, and I can barely remember speaking the words guilty. Subsequently, I found out that I was sentenced to 15 years on

count 3 of the indictment. Your petitioner, retracted his plea of not guilty because of coercion."

Mere prediction by counsel of the court's likely attitude on sentence, short of some implication of an agreement or understanding, is not ground for attacking a plea. Floyd v. United States, 5 Cir., 1958, 260 F.2d 910, certiorari denied 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed. 2d 680. Nor, generally, is other advice, simply because it turns out poorly. Cf. Diggs v. Welch, 1945, 80 U.S.App.D.C. 5, 148 F.2d 667, certiorari denied 325 U. S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002; Adams v. United States, 1955, 95 U.S. App.D.C. 354, 222 F.2d 45, 47 note 5. Refusal of permission to speak to the court on the ground that it is forbidden is something else.

▮ Petitioner's case need not rest initially, however, upon the correctness of these particular allegations. Fed.R. Crim.P. 11, 18 U.S.C., provides, in part, "The court * * * shall not accept the plea [of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge." While petitioner's assertion that his plea was "coerced" may leave something to be desired in the way of factual support, Rule 11 places an initial burden upon the court to determine the reverse. We must agree with the words of Judge Waterman in United States v. Lester, 2 Cir., 1957, 247 F.2d 496, at pages 499–500,

"While such a determination does not require observance of a particular ritual, * * * the Rule clearly contemplates that there be something more than a perfunctory examination * * * A mere routine inquiry—the asking of several standard questions—will not suffice to discharge the duty of the trial court. It is the duty of a federal judge before accepting a plea of guilty to thoroughly investigate the

1. The government asks, however, not without reason, how petitioner could have had a list of witnesses to establish his innocence without knowing what charges he was to refute.

circumstances under which it is made."

On the record, the only investigation made here was the single inquiry by the clerk, "Do you wish to change your plea?"

It is true that the court had the further fact that petitioner had pleaded guilty in the state court to essentially the same offense. We cannot think this made a substantial difference. The circumstances of that plea do not appear. Nor does the rule make an exception because petitioner was represented by counsel.

Finally, it appears that after the plea had been accepted and sentence imposed, counsel, as an afterthought, asked that it "appear in the record that the defendant changed his plea from not guilty to guilty voluntarily," to which the court assented. The court did not ask petitioner if he agreed, and petitioner now says that he did not even hear counsel speak. This statement by counsel was insufficient even if heard.

The court was equally at fault with respect to sentence. Rule 32(a) provides in part, "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." In Green v. United States, 1961, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670, the court stated that this rule requires the sentencing judge to ask the defendant personally whether he wishes to say anything, even though he has counsel who has already spoken to the subject. In Green defendant's motion failed because it did not appear that the court's inquiry, "Did you want to say something?" was not addressed to him personally. However, in the case at bar there can be no mistake. If petitioner correctly quotes the transcript, the court's question was addressed to counsel by name.

Petitioner's other contentions are without merit. However, there must be a remand to determine compliance with Rule 11, and Rule 32(a). On the first issue there is a question of the burden of proof. The burden is initially upon petitioner. Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. However, if the transcript was correctly set forth in the petition, lack of compliance with Rule 11 is established. Nonetheless, if the plea was in fact voluntary, the error was harmless. On this issue the burden will be on the government. United States v. Davis, 7 Cir., 1954, 212 F.2d 264, 267.

Judgment will enter vacating the order of the District Court and remanding the action for further proceedings not inconsistent herewith.