**George Bernard DAY, Appellant,**
**v.**
**UNITED STATES of America,**
**Appellee.**
**No. 15198.**

United States Court of Appeals
Seventh Circuit.
March 3, 1966.

---

3. 8 C.F.R. § 3.1 et seq.

Stanley B. Block, Chicago, Ill., for appellant.

Richard E. Eagleton, U. S. Atty., Springfield, Ill., Franklin S. Bonem, U. S. Dept. of Justice, Washington, D. C., for appellee.

Before DUFFY and SWYGERT, Circuit Judges, and GRUBB, Senior District Judge.

SWYGERT, Circuit Judge.

Orders of the district court denying two motions filed under section 2255 of the Judicial Code, 28 U.S.C. § 2255, are the subject of this appeal. These motions to vacate sentence were centered upon an alleged denial of the assistance of counsel and an assertedly invalid plea of guilty to a charge of interstate transportation of a forged security.[1]

The petitioner, George Bernard Day, was indicted in March 1962. On April 5, 1962, he appeared for arraignment without counsel in the district court. After the charge was recited, he informed the district judge that he had employed counsel, but that counsel was unable to be present. In response to a question from the court the accused stated that his lawyer had instructed him to "enter a plea of not guilty with leave to withdraw." This plea was accepted. The petitioner was furnished with a copy of the indictment and was admitted to bail.

The petitioner reappeared before the district court for trial on November 8, 1962, seven months after the arraignment. At that time the following discussion occurred:

The Court: Do you have some matters?

Mr. Scroggins (Assistant United States Attorney): Yes, sir. In Case Number 6131, George Bernard Day is in Court, Your Honor, on an indictment returned by the Federal Grand Jury. Previously Mr. Day has entered a plea of not guilty to the charge, at that time he was represented by an attorney, the attorney has since withdrawn as counsel.

The Court: What do you say this morning, now, Mr. Day?

Mr. Day: Well, Your Honor, I'd like to withdraw this not guilty plea and plead guilty, and enter a petition for probation. I don't want counsel.

The Court: Well, the motion to withdraw the plea of not guilty is allowed, and the plea of guilty is received, and the matter is referred now to the probation officer of this Court for presentence investigation.

Mr. Scroggins: Mr. Day, at the present time—.

The Court: (Interposing) Is he out on bond?

1. 18 U.S.C. § 2314 (1948).

Mr. Scroggins: (Continuing) —is out on bond.

The Court: It will be continued in force and he'll be ordered to be back here then, after the presentence investigation. You must obey that, you understand that?

Mr. Day: Yes, sir.

The Court: That will be the order of the Court.

This colloquy constitutes the entire transcript of the trial.

On December 3, 1962, after the district judge received a presentence report from the probation officer, the petitioner appeared for sentencing, again without counsel.[2] The court entertained an extended plea from him in mitigation of the charge to which he had pleaded guilty. Despite an unfavorable presentence report, the petitioner was placed on probation for a period of five years.[3]

Fourteen months later, on February 18, 1964, the petitioner again appeared in court without counsel after the filing of a petition for revocation of the probation order. He admitted that he had violated the terms of his probation. The district court thereupon vacated the probation order and imposed a sentence of seven years pursuant to the earlier judgment of conviction.

The petitioner's first effort to secure relief under section 2255 was directed at the failure of the district judge to advise him of his right to the assistance of court-appointed counsel. In it the petitioner stated that at the time of his trial he was not aware of his right to appointed counsel and that any statement he might have made indicating that he did not desire counsel referred only to counsel he had previously retained and who

had withdrawn from the case. He contended that since the district judge made no effort to correct any misimpressions he may have had and did not follow the procedure suggested by Rule 44 of the Federal Rules of Criminal Procedure, no intelligent waiver of his right to counsel occurred. In a second petition,[4] the lack-of-counsel infirmity was reasserted. The petitioner also challenged the validity of his plea of guilty, citing Rule 11 of the Federal Rules of Criminal Procedure. He asserted that his plea of guilty was received by the court without any inquiry into the circumstances under which it was made and without any explanation of the nature of the charge. Both motions were denied without a hearing on the ground that the record conclusively showed that the petitioner had waived his right to be represented by counsel.[5]

Every defendant in a federal criminal prosecution is entitled to the assistance of counsel at every stage of the proceeding unless he intelligently and intentionally waives this constitutionally protected right. In determining whether there is an intelligent and competent waiver, the judge before whom an accused appears without counsel is charged with a responsibility that cannot be perfunctorily discharged. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). All reasonable presumptions must be indulged against a waiver. Carnley v. Cochran, 369 U.S. 506, 514, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Johnson v. Zerbst, supra. The judge's responsibility in this regard entails an inquiry bearing upon the defendant's capacity to make an intelligent

---

2. The record of this proceeding contains no reference to the subject of counsel.

3. An order reciting the petitioner's conviction upon a plea of guilty and containing the probation order, together with the conditions thereof, was entered at this time.

4. The second petition was captioned "Motion for rehearing and new grounds" and

was filed shortly after the denial of the first petition.

5. The invalid-plea-of-guilty issue raised in the later petition was not mentioned in the second order of the district court, which recited that "petitioner does not allege new grounds in this motion for rehearing."

choice of whether to have the advice of counsel, retained or assigned, or to defend himself. The inquiry should be commensurate with the existing circumstances; it must demonstrate by its sufficiency that the choice is being made understandingly. United States v. Plattner, 330 F.2d 271, 276 (2d Cir. 1965). The extent of the judicial investigation may vary from case to case. It is difficult, however, to envision a situation in which the conduct of a defendant would so conclusively establish an intelligent waiver that the court would not be obliged to make any inquiry whatsoever.

■ At the trial in the instant case, the inquiry by the district judge whether the petitioner was fully aware of his right to counsel was extremely abrupt; it was confined to a single question. The petitioner was asked, "What do you say this morning, now, Mr. Day?" His reply was, "Well, Your Honor, I'd like to withdraw this not guilty plea and plead guilty, and enter a petition for probation. I don't want counsel." The plea of guilty was immediately accepted and the matter was referred to a probation officer for presentence investigation. When the petitioner's guilty plea was accepted, the judge, insofar as the record demonstrates, had no way of knowing, other than from his momentary observation of the accused, whether an intelligent waiver of counsel was being made. The fact that the petitioner stated flatly that he did not want counsel should not have foreclosed all further inquiry. Moreover, it did not warrant the immediate acceptance of the guilty plea. The sketchy proceedings of the arraignment and conviction do not demonstrate that the petitioner voluntarily and understandingly entered a plea of guilty. In Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), the Supreme Court laid down certain requirements (now embodied in part by rule 11) that a district judge must follow when a defendant endeavors to waive his right to counsel. There the Court said:

> The fact that an accused may tell [the judge] * * * that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered. Id. at 724, 68 S.Ct. at 323.

The Government contends that the petitioner's extensive prior state criminal record, which came to the attention of the district judge after the petitioner's trial, together with the "relative simplicity" of the crime charged and the petitioner's use of certain words of art in his limited conversations with the court show conclusively that the petitioner knew of his right to court-appointed counsel and fully understood the nature of the charge against him. The Government argues that in the light of these facts and since no particular ritual is mandatory under rules 44 and 11 no hearing was necessary on the petitioner's motions and that the orders of denial should be affirmed.

■ We agree that the district court is entitled to consider all the circumstances presented in the record in determining whether a hearing should be afforded on the allegations contained in a section 2255 petition. We also agree that rules 44 and 11 do not command any specific ritual. But the very fact that no ritual of any kind was conducted in this case convinces us that no conclusive showing of either an intelligent waiver of counsel or an understanding plea of

guilty is present in the record.[6] The case will therefore be remanded for a hearing to determine the extent of the petitioner's awareness and understanding at the time of his trial of his right to court-appointed counsel and the nature of the crime with which he was charged. The petitioner will have the burden of proving his contentions. Although this burden may be difficult to sustain, the importance of the safeguards which petitioner contends were not afforded him demands that he be given the opportunity.

The orders of the district court denying the petitions for post-conviction relief are reversed and the cause is remanded.

We commend and thank court-appointed counsel, Mr. Stanley B. Block of the Chicago Bar, for the services he has rendered in this appeal.

---

6. The proceeding held at the petitioner's appearance for sentencing is subject to the same waiver-of-counsel objection as the petitioner's trial.