John Vincent **RIMANICH**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 22502.

United States Court of Appeals Fifth Circuit.

March 17, 1966.

John Vincent Rimanich, pro se.

E. Donald Strange, Asst. U. S. Atty., Robert E. Hauberg, U. S. Atty., Southern Dist. of Mississippi, Jackson, Miss., for appellee.

Before GEWIN and COLEMAN, Circuit Judges, and McRAE, District Judge.

McRAE, District Judge:

Appellant was indicted in the Northern District of Illinois for armed bank robbery. He plead guilty under Rule 20 of the Federal Rules of Criminal Procedure in the Southern District of Mississippi and was sentenced to a term of 20 years. Subsequently, he filed a motion in the Mississippi court under the provisions of 28 U.S.C. § 2255, alleging various constitutional infirmities in the handling of his case. After conducting a hearing, that court denied relief, finding, among other things, that appellant had consented voluntarily, knowingly and understandingly to the Rule 20 transfer; that appellant had been effectively represented by counsel; that the trial court had not discussed the terms of appellant's proposed sentence with appellant's counsel before imposing sentence; and that appellant had entered his plea of guilty voluntarily, knowingly, and understandingly.

On this appeal, appellant urges that these four findings are clearly erroneous. We need not consider the first three, for we agree with appellant that the district judge used an erroneous legal standard in deciding whether appellant entered his plea voluntarily, knowingly, and understandingly. Moreover, using the correct standard, we find that appellant's plea was not entered voluntarily.

The burden of proof is normally on a § 2255 petitioner to prove his allegations, and the district judge in the proceeding below followed this usual rule. When it is shown, however, that the trial court did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, requiring that "[t]he court * * * shall not accept the [guilty] plea without first determining that the plea is made voluntarily with understanding of the nature of the charge," the burden of proof shifts to the Government on the question of the voluntariness of the guilty plea. Munich v. United States, 337 F.2d 356 (9th Cir. 1964); Domenica v. United States, 292 F.2d 483 (1st Cir. 1961); Shelton v. United States, 242 F.2d 101, rev'd en banc on other grounds, 246 F.2d 571 (5th Cir. 1957), rev'd per curiam on other grounds, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958).[1]

The transcript of the proceedings at appellant's arraignment and sentencing discloses that appellant was accompanied by his retained counsel but that no colloquy concerning the guilty plea transpired among the court, counsel, and appellant. Although no formal procedure and no explicit findings are required, something more than the presence of counsel and the statement that the defendant pleads guilty is needed to satisfy the mandate of Rule 11. See, e. g., Munich v. United States, 337 F.2d 356 (9th Cir. 1964). Explicit questioning of a defendant before the acceptance of a guilty plea not only helps to ensure that the plea is indeed being entered voluntarily and knowingly but it also greatly eases the task of the courts in a subse-

---

1. The Ninth Circuit recently went further and held that, because of the problems inherent in ascertaining the voluntariness of the plea and understanding of the charge in a post-sentence proceeding, the failure to comply with Rule 11 would in itself require a vacation of the guilty plea, the judgment of conviction, and the sentence when the lack of understanding or the involuntariness, if it existed, would have been disclosed by a proper examination by the trial judge. Heiden v. United States, 353 F.2d 53 (9th Cir. 1965) (en banc). In light of our disposition of this case, finding that the plea was in fact involuntary, we need not express an opinion on this novel doctrine.

quent § 2255 proceeding. Rule 11 not having been complied with, the burden was on the Government to show that appellant entered his plea voluntarily.

The record presents appellant's uncontradicted testimony that he was unaware that he could withdraw his Rule 20 consent; he believed that by signing the form he had entered a guilty plea that could not be changed. Moreover, although appellant's counsel did not recall appellant ever asking him if he could withdraw the Rule 20 consent ("It's possible, yes, [but] I don't remember it."), he never informed appellant of this right. Indeed, counsel never did explain the charges to appellant, or discuss possible defenses, because, as he stated, he believed that appellant was satisfied with a guilty plea. This belief was not based on any explicit statement made by appellant but was inferred from appellant's comments about an alleged deal made by him with government agents when he signed the Rule 20 consent (which was prior to the retention of counsel). Appellant testified, however, that he tried to discuss the merits of the case but was told by counsel that all counsel could do was to talk to the judge about matters in mitigation of punishment.

Under these circumstances, we do not believe that the Government has met its burden of showing that appellant's plea was entered voluntarily. We do not hold that a defendant's ignorance of the right to withdraw a Rule 20 consent in itself voids his subsequent guilty plea. If it is clear that at the time of sentencing the defendant desired to plead guilty, his ignorance of the right to revoke a Rule 20 consent is irrelevant. On the other hand, an explicit request to withdraw consent is not needed; as in this case, the circumstances may be such as to raise a sufficient doubt about a defendant's desire to plead guilty without a formal expression of this desire.

Accordingly, the decision of the district court is reversed and this cause is remanded, with instructions to vacate the sentence, the judgment of conviction, and the plea of guilty upon which the conviction is based, and to afford appellant a new opportunity to plead to the indictment after he decides whether to withdraw his Rule 20 consent.