June Heyward STEPHENS, Jr.,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 9102.

United States Court of Appeals
Tenth Circuit.

March 29, 1967.

Robert A. Dufty, Denver, Colo., for appellant.

John W. Raley, Jr., Oklahoma City, Okl., (B. Andrew Potter, U. S. Atty., was with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This appeal is taken from an order of the District Court for the Western District of Oklahoma summarily dismissing appellant's motion to vacate his judgment of conviction filed under 28 U.S.C. § 2255. The trial court's order was premised upon the statutory provision of section 2255 that successive motions for similar relief on behalf of the same prisoner need not be entertained, that the merits of appellant's claims had been fully and fairly determined at a prior full evidentiary hearing, and that the ends of justice would not be served by a further consideration of the merits of appellant's contentions.

In June 1953, appellant pleaded guilty to a charge of bank robbery violative of 18 U.S.C. § 2113(a) and (d) and was sentenced to imprisonment for a term of twenty-five years.[1] In 1956, appellant filed his first motion under section 2255. The motion was held to be insufficient in law as filed but no bar to a further motion. Stephens v. United States, 10 Cir., 246 F.2d 607. And see Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148. A second motion was filed in 1957 in which the multiple contentions of Stephens were considered at a full evidentiary hearing and were determined to be without merit with the district court finding, among other things, that Stephens had entered his plea of guilty at time of arraignment "knowingly, intelligently and voluntarily." No appeal was taken. The fourth motion to vacate sentence was filed in 1964, was summarily denied by the trial court and the judgment affirmed. Stephens v. United States, 10 Cir., 341 F.2d 100. The subject motion is the fifth motion

and again asserts that appellant's plea was not voluntarily entered. Now, however, appellant inserts a new issue by asserting that the sentencing judge in 1953 did not comply with Rule 11, Fed. R.Crim.P., and that his plea was consequently not acceptable as a matter of law. The United States concedes that the sentencing judge did not fully comply with the provisions of Rule 11.

■ In Nunley v. United States, 10 Cir., 294 F.2d 579, cert. denied, 368 U.S. 991, 82 S.Ct. 607, 7 L.Ed.2d 527, this court held that in cases where the requirements of Rule 11 were not met, appropriate inquiry into the fact of the voluntariness of a plea must be made. Such inquiry was here made and it was specifically found that Stephens' plea, entered in the presence of retained counsel, was voluntary in every sense. He was represented at such hearing by competent counsel and no appeal was taken. These procedures would clearly indicate that appellant's present motion is purely successive unless, as we indicated in his earlier appeal, 341 F.2d 100, 101, there has been an "intervening change in the law." Appellant asserts an intervening change in the law has occurred in view of the Ninth Circuit's opinion in Heiden v. United States, 353 F.2d 53.

■■ As we read Heiden, the Ninth Circuit holds that compliance with Rule 11 is mandatory and that the voluntary nature of a plea must be determined at the time of arraignment and cannot be determined in a post-conviction proceeding. In so holding the Ninth Circuit undoubtedly changed the applicable law in that circuit by overruling some earlier decisions. See cases cited 353 F.2d at 55. And although we certainly agree that a sentencing judge should comply strictly with the requirements of Rule 11, indeed it is his duty to do so, and that many post-conviction difficulties can and would be eliminated by strict compliance, we cannot agree that failure to comply fully with Rule 11 is fatal to the entry of a plea. The Fifth Circuit has, by

---

[1]. The sentencing judge is deceased.

dicta, described the rule of *Heiden* as "novel," Rimanich v. United States, 357 F.2d 537, 538 n. 1, and, by omission, has apparently refused to be persuaded by its reasoning. See also Fleming v. United States, 5 Cir., 367 F.2d 555, 556. We adhere to our statement in *Nunley* that Rule 11 requires no ritualistic ceremony and that a full evidentiary hearing probing the fact of the voluntariness of a plea can be curative of a procedural error in the application of Rule 11.

Appellant's other contentions are in the nature of an appeal from the original evidentiary hearing accorded Stephens and are without merit.

Affirmed.