**Robert Joe ROBINS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 17423.**

United States Court of Appeals
Seventh Circuit.

July 10, 1969.

Robert Joe Robins, in pro. per.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for respondent-appellee; John Peter Lulinski, Michael B. Nash, Archibald T. LeCesne, Asst. U. S. Attys., of counsel.

Before SWYGERT and FAIRCHILD, Circuit Judges, and MORGAN, District Judge.[1]

SWYGERT, Circuit Judge.

The issue in this case is whether the defendant pleaded guilty voluntarily and with an understanding of the nature of the charge in light of the provisions of Rule 11 of the Federal Rules of Criminal Procedure. The court below denied the defendant's petition for relief under 28 U.S.C. § 2255. It is an appeal from that decision which is before us.

The facts underlying the defendant's conviction are that on August 10, 1960, the defendant was indicted in one count for kidnapping in violation of 18 U.S.C. § 1201. The indictment charged that on or about August 1, 1960, the defendant did willfully, unlawfully and knowingly transport in interstate commerce from St. Louis, Missouri, to Chicago, Illinois, and release unharmed a certain Steve Cagnar. It was further charged that Cagnar had been unlawfully seized, carried away and held in order to facilitate the defendant's flight from apprehension by local authorities in St. Louis.

The defendant appeared for arraignment on August 12, 1960, accompanied by his court-appointed counsel, John Gannon. On the same day, a codefendant, Victoria Murray, appeared in court on an information charging the same violation as that set forth in the indictment of the defendant, Robert Joe Robins. At the request of the Government and with the consent of all parties before the court, Victoria Murray was arraigned first on the information. The Murray information was summarized by the Government. This summary applied to the same charges set forth in the Robins' indictment. The codefendant Murray, pleaded guilty after being warned of the consequences of her plea and questioned by the court as to her understanding of the charge and the consequences of her plea of guilty.

Thereafter, the court proceeded with the arraignment of Robins. Counsel for Robins waived formal reading of the indictment. On inquiry by the court, the defendant identified himself and acknowl-

1. Judge Morgan is sitting by designation from the Southern District of Illinois.

edged that he was represented by counsel. The following colloquy occurred:

The Court: And you are here with counsel?

Defendant Robins: Yes.

The Court: And you have talked with him?

Defendant Robins: Yes.

The Court: And you have seen a copy of the indictment and you have read it and you know its contents and you know you are charged with kidnapping, the same as your co-defendant?

Defendant Robins: Yes.

Court: What is your plea?

Defendant Robins: Guilty.

The Court: Guilty?

Defendant Robins: Yes.

The Court: How old are you?

Defendant Robins: Twenty-five.

The Court: Twenty-five? You understand that under your plea of guilty, as I cautioned your co-defendant, I have the right and power to sentence you to the penitentiary up to life on this charge of kidnapping and you persist in your plea of guilty?

Defendant Robins: Yes.

The court thereafter ordered a presentence investigation and set October 3, 1960, as the date of sentencing. On that date the defendant appeared with counsel and the following colloquy took place:

The Court: A plea of guilty. * * What did you want to say, sir? Your name is what?

Defendant Robins: Robert J. Robins. She didn't willfully and knowingly—

The Court: I beg your pardon?

Defendant Robins: She didn't willfully and knowingly kidnap anybody; I am the one.

The Court: She didn't willfully do it?

Defendant Robins: That's right.

Mr. Gannon: She was a passenger in my client's automobile.

The Court: I beg your pardon?

Mr. Gannon: She was a passenger in my client's automobile and my client says he is solely responsible for this and she is not.

After a further discussion of the factual background of the crime charged against the defendant and a discussion of sentencing alternatives, the court imposed a term of fifteen years.

This is the third time the defendant has been before this court on appeal from the district court's denial of various section 2255 motions. Our first decision, denying relief, was rendered on August 20, 1964, and is unreported. The defendant's right to address the court at sentencing was disposed of by this court's opinion in the defendant's second section 2255 proceeding. Robins v. United States, 402 F.2d 470 (7th Cir. 1968).

The sole question before us is whether the district court complied with Rule 11 standards at the time of arraignment and sentencing. Although Rule 11 was amended on July 1, 1966, and further construed by the Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), we must evaluate the defendant's plea in light of the guidelines extant at the time it was entered in 1960. Rule 11 then provided:

A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with an understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty * * * the court shall enter a plea of not guilty.

The two requirements for entering a guilty plea were voluntariness and an understanding of the nature of the charge. We are of the view that these requirements were met in the instant case. For support we rely on the prior decision of this court in United States v. Rizzo, 362 F.2d 97 (7th Cir. 1966), where a colloquy substantially identical to the

one here was held to be sufficient under the version of Rule 11 applicable to Robins' plea. In rejecting the defendant's contention that his guilty plea did not satisfy Rule 11's requirements, the court said:

> From the record and oral argument, the following facts have been made clear. Rizzo was furnished with a copy of the indictment and was free to read it. At arraignment, he waived the reading of the indictment and pleaded not guilty. At trial, after the Government moved to dismiss Count II of the indictment, and after a brief recess, Rizzo, by his counsel, advised the court that he wished to withdraw his not guilty plea and plead guilty to Count I of the indictment. Rizzo had the benefit of consultation with his lawyer respecting his case and his plea, represented to the court that he had such consultation and that he was satisfied with it, and advised the court that no promises had been made to him in return for his plea of guilty. Rizzo was advised of the possible maxim penalty which the court could impose on him under his plea of guilty. Finally, the court did not accept the guilty plea summarily, but acted after conversation with and observation of Rizzo, which put the court in a position to make an assessment of Rizzo's demeanor.

> Under these facts, we hold that the trial court informally satisfied the requirements of Rule 11 * * * before accepting Rizzo's guilty plea.

United States v. Rizzo, 362 F.2d 97, 99 (7th Cir. 1966).

The same conditions were present at the time of Robins' plea: benefit of consultation with his lawyer, notice as to the possible maximum penalty, and court observation of the defendant's demeanor.

It is our conclusion that the district court was justified in accepting the defendant's guilty plea.

The defendant urges that his plea was involuntary since his court-appointed lawyer "promised" him a sentence of no more than five years if he pleaded guilty. In light of the fact that there is no allegation that the district judge was a party to the asserted promise, the fact that the court imposed a sentence greater than the expectation of the defendant does not vitiate the guilty plea. United States v. Jackson, 390 F.2d 130, 133 (7th Cir. 1968).

Although the Supreme Court has held that McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) should be given only prospective application, Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (May 5, 1969), it is important to note one factor present in *McCarthy* and not in the instant appeal. In *McCarthy*, despite his earlier plea of guilty, at sentencing the defendant asserted that his failure to pay taxes was "not deliberate" and that if he had not been in ill health, he would have paid the delinquent taxes. This statement indicated that McCarthy may not have pleaded guilty with a full awareness of the charge since an important element of the crime was a willful failure to pay tax. In the instant case, the defendant not merely behaved in a manner consistent with his plea of guilty, but he also confessed the kidnapping with which he was charged in open court. As the record at the time of sentencing shows, the defendant attempted to exonerate his codefendant by claiming sole responsibility for the kidnapping.

The motion and the files and record of the case conclusively show that the defendant is entitled to no relief. The decision of the district court is affirmed.