Harvey Edwin STETSON, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 17453.

United States Court of Appeals Seventh Circuit.

Nov. 7, 1969.

Knoch, Senior Circuit Judge, dissented.

Harvey Edwin Stetson, Lewisburg, Pa., for petitioner-appellant.

Carl W. Feickert, U. S. Atty., E. St. Louis, Ill., for respondent-appellee.

Before KNOCH, Senior Circuit Judge, and CUMMINGS and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Petitioner appeals from the district court's dismissal of his habeas corpus petition under 28 U.S.C. § 2255 without an evidentiary hearing. We reverse and remand for a full hearing.

Petitioner, Harvey Edwin Stetson, represented by counsel, pled guilty on December 18, 1953, to a four-count information charging him with armed robbery of the First National Bank of Thomasboro, Thomasboro, Illinois, in violation of 18 U.S.C. §§ 2113(a), (b), (c) and (d). On January 14, 1954, the district court imposed a sentence of ten years on each count, the sentences upon Counts Two, Three and Four to run and be served concurrently with the sentence imposed under Count One. On January 16, 1956, petitioner pled guilty [pursuant to Rule 20 of the Federal Rules of Criminal Procedure] to an information charging him with the robbery of a bank in Tausend, Massachusetts, on October 8, 1953. Petitioner was sentenced under this plea to an additional three years to run consecutively to the term he was

presently serving for the robbery of the Thomasboro bank.[1]

On February 23, 1968, Stetson brought a pro se habeas corpus petition pursuant to § 2255 moving for vacation of his sentence and judgment.[2] In his motion, petitioner alleged that the court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure by accepting petitioner's plea of guilty without the requisite inquiry into whether he knowingly and voluntarily made such plea. In addition, petitioner stated that his guilty plea was in fact not made knowingly and voluntarily alleging: (1) he did not understand the nature of the charge against him, stating that he did not realize that he was being charged with the various sections of 18 U.S.C. § 2113 and thought he was only being charged with bank robbery; (2) government agents had previous to his guilty plea related to petitioner that he would only receive a five-year sentence and the bank robbery charge from Massachusetts would be dismissed if he pled guilty to the charge in Illinois. The district court

denied petitioner's § 2255 motion without hearing on February 28, 1968, and denied petitioner's request for a rehearing on such motion on October 17, 1968. Petitioner now appeals from the dismissal of his petition and denial of a hearing pursuant to § 2255.

Rule 11, before its amendment in 1966,[3] provided that the trial court shall not accept a plea of guilty without first determining that the plea is made voluntarily and with understanding of the nature of the charge. This court held in United States v. Davis, 212 F.2d 264, 267 (7th Cir. 1954), that it was not necessary that a district court "in every case follow a particular ritual in order to comply with Rule 11 [and] [a] brief discussion with the defendant regarding the nature of the charges may normally be the simplest and most direct means of ascertaining the state of his knowledge." The court in *Davis* went on, however, to state that:

Because the record here does not conclusively show that he had this necessary understanding the defendant is

---

1. Petitioner was released from the United States Penitentiary in Lewisburg on June 2, 1962, by mandatory release, with a balance remaining to be served of 1686 days. He subsequently violated the terms of his mandatory release by committing a felony in the State of Ohio, for which he served time in the Ohio State Penitentiary, Columbus, Ohio. He was released from the Ohio State Penitentiary and was returned to prison in Lewisburg on a mandatory release violation on November 7, 1967, to complete the remainder of his 13-year sentence, which he is now serving.

2. On January 20, 1958, the district court denied without hearing petitioner's pro se motion for correction of sentence pursuant to § 2255 of 28 U.S.C. Petitioner had alleged in his motion that his sentence of ten years for the robbery of the Thomasboro bank denied him the equal protection of the law as required by the Fourteenth Amendment, because a participant in the robbery, one Frank G. Allred, was sentenced to a lesser term.

3. Pre-amended Rule 11 states as follows: A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

Amended Rule 11 states as follows (the changes are italicized):
A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept *such* plea *or a plea of nolo contendere* without first *addressing the defendant personally and* determining that the plea is made voluntarily with understanding of the nature of the charge *and the consequences of the plea*. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. *The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.*

entitled to a hearing on his motion, and an opportunity to be present and present evidence, if any, to support the allegations of his motion. 212 F.2d at 267–268.

■ The record in the instant case is completely lacking in any indication that the judge made any inquiry at all concerning the understanding or voluntariness of defendant Stetson's guilty plea. The fact that defendant did appear with counsel at the time of his guilty plea, in the absence of any other inquiry by the trial judge, does not approach compliance with even the most liberal interpretation of pre-amended Rule 11. See Domenica v. United States, 292 F.2d 483, 486 (1st Cir. 1961); Rimanich v. United States, 357 F.2d 537 (5th Cir. 1966).

The United States Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), recently adopted the Ninth Circuit rule, which holds that the failure of a trial judge to comply with the specific dictates of amended Rule 11 automatically vacates defendant's (petitioner's) guilty plea and entitles him to plead anew. The Supreme Court in a subsequent case, Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), held the rule adopted in *McCarthy* to have only prospective application. The Court in *Halliday* stated that even though *McCarthy* would not apply, "a defendant whose plea has been accepted without full compliance with Rule 11 [pre-amended or amended] may still resort to appropriate post-conviction remedies to attack his plea's voluntariness." 394 U.S. at 833, 89 S.Ct. at 1499. In characterizing the law in other circuits which had not employed the Ninth Circuit rule, the Court in *McCarthy* set out the post-conviction procedures, which *Halliday* suggested was available, in situations in which the prospective ruling of *McCarthy* was not applicable. The *McCarthy* opinion stated that if Rule 11 is not complied with, other courts of appeal place upon the government the burden of demonstrating from the record

that the guilty plea was voluntarily entered into with an understanding of the charge and "in these circuits, if voluntariness cannot be determined from the record, the case is remanded for an evidentiary hearing on that issue." 394 U.S. at 469, 89 S.Ct. at 1172.

■ The lack of any evidence in the record indicating that any kind of Rule 11 inquiry was held, places upon the government the burden of demonstrating from the record that defendant's plea of guilty was knowingly and voluntarily made. McCarthy v. United States, 394 U.S. at 469, 89 S.Ct. 1166 (dictum); Stephens v. United States, 376 F.2d 23, 25 (10th Cir. 1967); Rimanich v. United States, 357 F.2d 537 (5th Cir. 1966); Halliday v. United States, 394 F.2d 149 (1st Cir. 1966), aff'd 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969); Bailey v. MacDougall, 392 F.2d 155 (4th Cir. 1968); Munich v. United States, 337 F.2d 356, 361 (9th Cir. 1964); Domenica v. United States, 292 F.2d 483, 486 (1st Cir. 1961) (citing United States v. Davis, 212 F.2d at 267). Since it cannot be determined from the record that defendant's guilty plea was made understandingly and voluntarily, the government has not sustained its burden and has not proved that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

■ The government contends that since defendant's allegations in his § 2255 motion are vague and conclusory, he is not entitled to a hearing citing United States v. Machibroda, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). We disagree with the government's characterization of *Machibroda*.

In *Machibroda* the Court held that the district court erred in denying petitioner's § 2255 petition without a hearing. The Court found that the facts of the case did not require a denial of a hearing under 28 U.S.C. § 2255 since this was not a situation where the "Motion and the files and records of the case conclusively show that the prisoner is entitled

to no relief." Id. at 494, 82 S.Ct. at 513. One of the factors upon which the Supreme Court based its decision that petitioner was entitled to a hearing, was that the petitioner's motion and supporting affidavit made specific and detailed allegations.

Stetson has alleged that he did not understand the nature of the charge to which he pled guilty and that in essence, his guilty plea was not voluntary because he was promised a lighter sentence by federal agents if he pled guilty. Although petitioner's allegations are much less specific and detailed than the allegations in *Machibroda,* we do not feel that such lack of specificity compels denial of a hearing under *Machibroda.*

Consequently, we find that the petitioner is entitled to a full evidentiary hearing under 28 U.S.C. § 2255 at which time the burden shifts to him and he has an opportunity to prove his allegations regardless of their vague and conclusory nature. *See* McCarthy v. United States, 394 U.S. at 469, 89 S.Ct. 1166 (dictum). *See also* Bailey v. MacDougall, 392 F.2d 155, 160 (4th Cir. 1968); Stephens v. United States, 376 F.2d 23 (10th Cir. 1967). As this court recently stated in Day v. United States, 357 F.2d 907 (7th Cir. 1966):

> [T]he very fact that no ritual of any kind was conducted in this case convinces us that no conclusive showing of either an intelligent waiver of counsel or an understanding plea of guilty is present in the record. The case will therefore be remanded for a hearing to determine the extent of the petitioner's awareness and understanding at the time of his trial of his right to court-appointed counsel and the nature of the crime with which he was charged. The petitioner will have the burden of proving his contentions. Although this burden may be difficult to sustain, the importance of the safeguards which petitioner contends were

not afforded him demands that he be given the opportunity. *Id.* at 910–911.

The order of the district court denying the petition for post-conviction relief is reversed and the cause is remanded for a full evidentiary hearing.

Reversed and remanded.

KNOCH, Senior Circuit Judge (dissenting).

It is true that the 1953–1954 record on which the District Judge entered his order, from which this appeal was taken, is silent as to the proceedings at arraignment. We have only the bare docket entry:

> Dec. 18, 1953 Defendant advised of his rights—waives reading of Information—Copies of Inf. presented to Defendant and his attorney
>
> File Signed Waiver. File Information. Arraignment—Plea of Guilty
>
> Oral Motion of Defendant for a presentence investigation report—Case continued to Sat. Jan. 2, 1954 for disposition.

The reporter's transcript of the hearing was not filed. However, a transcript of the proceedings on sentence within a month later is a part of the record. It seems to me that the colloquy between the now deceased Trial Judge and this appellant at that time can leave the reader with no real doubt that the appellant had made a knowing, voluntary plea. The Trial Judge was still alive in 1958 to consider the appellant's original motion for correction of his sentence based on the discrepancy in sentence between that imposed on appellant and that imposed on a co-defendant. At that time appellant did not raise the issue of whether a knowing, voluntary plea had been made but the whole tenor of his own motion and of the now deceased Trial Judge's Memorandum and Order suggest that there was no doubt in the minds of either. I would affirm.