Robert **PETRABORG**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 17886.

United States Court of Appeals, Seventh Circuit.

Sept. 11, 1970.

Robert Petraborg, pro se.

William J. Bauer, Thomas A. Foran, U. S. Atty., Chicago, Ill., for appellee; John Peter Lulinski, Jeffrey Cole, Kenneth R. Siegan, Asst. U. S. Attys., of counsel.

Before FAIRCHILD, KERNER and PELL, Circuit Judges.

PELL, Circuit Judge.

This is an appeal from an order of the district court denying petitioner's motion, filed *pro se* and pursuant to 28 U.S.C. § 2255, to vacate the sentence under which he is now confined in the United States Penitentiary, Leavenworth, Kansas. The district court denied the motion without a hearing on the ground "the motion, files, and records of this case conclusively show that the prisoner is not entitled to relief under 28 U.S.C. § 2255." This appeal followed. We reverse and remand for a full evidentiary hearing.

Briefly, the facts are these. Petitioner was charged in two separate in-

dictments with aiding and abetting bank robbery and with bank robbery. Petitioner alleged that before the second indictment was returned, he pleaded guilty to the aiding and abetting charge in reliance upon the express promise of his court-appointed counsel that he would get a maximum sentence of 10 years imprisonment and that the bank robbery charge would be waived. When the government procured the indictment on the second charge, petitioner withdrew his guilty plea to the first charge. He alleges that a short time later his court-appointed counsel informed him that the government did not want to prosecute two time-consuming trials and had made another offer. This time, it is alleged, the promise was made that the Assistant United States Attorney, through the court, would guarantee two concurrent 10 year sentences if petitioner would plead guilty. Petitioner did plead guilty. After a psychiatric evaluation pursuant to 18 U.S.C. § 4208(b) and (c), the court imposed a final sentence of 15 years on each count, the sentences to run concurrently.

Petitioner now contends that his pleas of guilty were coerced by these alleged promises of reduced sentences on two separate occasions and that the record shows there was "no colloquy between the court and the accused at the time the guilty pleas were entered [to determine] that consent to such pleas was freely entered, that the process leading to such pleas was fair and proper, and that when such pleas were entered it was done with complete understanding of the consequences."

The challenged guilty pleas were entered on December 16, 1964, prior to the 1966 amendment of Rule 11. Their sufficiency is thus to be tested by the requirements of the pre-amended rule.[1] Robins v. United States, 413 F.2d 1290, 1291 (7th Cir.), cert. den. 396 U.S. 947, 90 S.Ct. 388, 24 L.Ed.2d 250 (1969). The requirements were voluntariness and an understanding of the nature of the charge. *Id.*

The record in the instant case demonstrates that the trial judge failed to make any inquiry concerning the voluntariness of petitioner's plea. After moving the court to allow petitioner to withdraw his not guilty pleas and to enter pleas of guilty to both indictments, petitioner's counsel stated:

"This man has been heretofore warned, your Honor, in both instances, and I feel certain that I can represent to the court that he understands *the nature of the charges* in these two indictments." (Emphasis added.)

The court then addressed petitioner, so far as is here relevant, as follows:

"You have heard the statement of your counsel. * * * [I]n connection with each of these indictments the maximum penalty is 25 years imprisonment, a $10,000 fine, and/or both. * * * Understanding that, do you still desire to withdraw your plea of not guilty to that indictment?"

Petitioner replied that he did.

Where, as here, the challenged plea was entered prior to the decision by the Supreme Court of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1962),[2] and the

1. Pre-amended Rule 11 provided as follows:

"A defendant may plead not guity, guilty, or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with an understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or

if a defendant corporation fails to appear, the court shall enter a plea of not guilty."

2. *McCarthy* holds that failure of the trial court to comply with the specific dictates of amended Rule 11 automatically vacates the guilty plea and entitles the accused to plead anew. In Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), the Court held *McCarthy* has prospective application only. *See* Stetson v. United States, 417 F.2d 1250, 1252 (7th Cir. 1969).

record is barren of any inquiry by the trial court relating to an essential element of a Rule 11 guilty plea, the government has the burden of demonstrating from the record that petitioner's plea of guilty was knowingly and voluntarily made. Stetson v. United States, 417 F.2d 1250, 1252 (7th Cir. 1969) and cases cited therein.

The government relies upon three decisions of this court to support its contention that the record here sufficiently demonstrates the voluntariness of petitioner's guilty plea. All are easily distinguishable.

In United States v. Swaggerty, 218 F.2d 875 (7th Cir.), cert. den. 349 U.S. 959, 75 S.Ct. 889, 99 L.Ed. 1282 (1955), this court held that where the record failed to show inquiry by the trial judge, Rule 11 could be satisfied if it were shown that "the defendant has the requisite understanding from another." *Id.*, 218 F.2d at 879.

■■■ The instant record, however, rather than demonstrating the voluntariness of petitioner's plea from his conversations with another, indicates the opposite. Unlike the record in *Swaggerty,* the record before us contains no in-court testimony of the crucial other person concerning the discussions had with the accused before his determination to plead guilty. All we have at this juncture are petitioner's uncontroverted allegations that his attorney told him that the "assistant United States Attorney, through the court, would guarantee two (2) concurrent sentences of ten (10) years." The trial court did not discuss with either the petitioner or his attorney the possibility that petitioner's plea was not completely voluntary.

The Government also relies upon Robins v. United States, 413 F.2d 1290 (7th Cir.), cert. den. 396 U.S. 947, 90 S.Ct. 388, 24 L.Ed.2d 250 (1969), and United States v. Jackson, 390 F.2d 130 (7th Cir. 1968), for the proposition that the alleged promises made to petitioner do not vitiate the plea of guilty. Both of these cases are inapposite here. In *Robins,* the only allegation was that the plea was entered after the defendant's attorney had told him he would get a reduced sentence by pleading guilty. There was no allegation, as there is here, that the defendant's attorney represented that he was authorized to make the promise on behalf of the prosecutor who had in turn assured the cooperation of the sentencing judge. Plainly, the coercive effect of such a promise, if it were in fact made, would be significantly greater than that of the promise allegedly made to Robins and found by this court not to vitiate the voluntariness of his guilty plea.

In *Jackson,* the record contained an extensive colloquy between the judge and the defendant during which the defendant repeatedly denied, under sharp questioning, that any promise had been made to him which was influencing his decision to plead guilty.

Thus, we have concluded that the government has not sustained its burden of showing from the record that petitioner's plea was voluntarily entered. Consequently, under the pre-*McCarthy* standards, petitioner is entitled to a full evidentiary hearing under 28 U.S.C. § 2255 at which time the burden shifts to him to prove his allegations.[3] *Stetson,*

---

3. The government argues that a hearing is not required because petitioner's claim is "palpably incredible," citing Machibroda v. United States, 368 U.S. 487, 495–496, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). This argument is substantially weakened by the fact that the government has previously filed a motion in this cause requesting a remand to the district court for a hearing based upon the premise that petitioner's allegations in the instant case are "substantially similar to the facts involved in Machibroda * * *." We denied that motion in favor of further briefing by both parties. Having had the benefit of that further briefing, we are not persuaded that petitioner's allegations are so palpably incredible that he should be denied an opportunity to produce evidence to prove them.

*supra* 417 F.2d at 1253 and cases cited therein.

Having determined that petitioner is entitled to a full evidentiary hearing on his Section 2255 petition, we deem it unnecessary to discuss the further alleged procedural irregularities which he claims rendered inadequate the district court's consideration of his petition.

Petitioner also asserts that the trial court which accepted his plea erred in not ordering an examination pursuant to 18 U.S.C. § 4244 to determine his competency to enter a valid plea and in denying him the right to speak in his own behalf before sentence was imposed. The thrust of petitioner's argument concerning both of these asserted errors is that they demonstrate further that his plea was not voluntary and that the court did not properly inquire as to its voluntariness. Such contentions and arguments will be more properly addressed to the district court upon the remand for a hearing on the issue of voluntariness, and we express no judgment concerning their factual basis or legal merit.

■■ Finally, petitioner has requested various orders relating to the conduct of the hearing upon remand.[4] With one exception, these are matters which should be addressed to the sound discretion of the court charged with the conduct of that hearing. See *Machibroda, supra,* 368 U.S. at 495–496, 82 S.Ct. 510. The only exception is petitioner's request for a remand to a different judge. We have studied the record and find in it no basis for such a request and accordingly it will be denied.

We therefore reverse and remand this cause to the district court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

4. Petitioner's requests include: (1) Leave to proceed *in forma pauperis;* (2) Leave to manage and conduct his cause *pro se* pursuant to 28 U.S.C. § 1654; (3) Confinement during the hearing at some place other than the Cook County Jail; (4) An order prohibiting the Government from prejudicing him on remand with respect to privileges he now possesses; and (5) Remandment to a different judge.