UNITED STATES of America, ex rel. Ronald TONALDI, Petitioner,

v.

Richard J. ELROD, Sheriff of Cook County and Tyrone C. Fahner, Attorney General of Illinois, Respondents.

No. 82 C 0260.

United States District Court, N. D. Illinois, E. D.

May 5, 1982.

See also, D.C., 541 F.Supp. 608.

Julius L. Echeles, Chicago, Ill., for petitioner.

Elizabeth Cohen, Asst. States Atty., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Ronald Tonaldi has filed a petition for a writ of habeas corpus, seeking review in this Court of his state conviction for possession of more than 30 grams of cocaine. The conviction was recently affirmed by the Appellate Court of Illinois in *People v. Tonaldi,* 98 Ill.App.3d 528, 54 Ill.Dec. 297, 424 N.E.2d 1200 (1st Dist. 1981), and the Illinois Supreme Court has denied leave to appeal. Presently before this Court is respondent's motion for summary judgment. For the reasons given below, respondent's motion is granted in part and denied in part.

Tonaldi's petition for a writ of habeas corpus is predicated on two separate arguments. First, Tonaldi argues that he was denied the effective assistance of counsel as the result of his lawyer's simultaneous representation of several co-defendants at trial. Second, he contends that the evidence presented at trial was insufficient to support a finding that he possessed more than 30 grams of cocaine. Each of these contentions is discussed in the Illinois Appellate Court opinion. Although petitioner's second argument cannot withstand the state's motion for summary judgment,[1] the Court believes his sixth amendment claim is sufficiently meritorious to require an evidentiary hearing.[2]

---

1. Even viewing the facts in the light most favorable to the non-moving party as we are required to do on a motion for summary judgment, there is no question that a rational trier of fact could have found beyond a reasonable doubt that Tonaldi possessed more than 30 grams of cocaine. *Cf. Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979). Petitioner has, in fact, not responded to the state's motion for summary judgment on this issue.

2. Although petitioner's initial response to the state's motion requested an evidentiary hearing, a letter subsequently received by this Court from petitioner's counsel suggests that

It is axiomatic that on a motion for summary judgment, the moving party has the burden of showing that there is no dispute as to any genuine issue of fact material to a judgment in its favor. *Cedillo v. International Association of Bridge & Structural Iron Workers, Local Union No. 1*, 603 F.2d 7, 10 (7th Cir. 1979). The non-moving party is entitled to all reasonable inferences that can be made in its favor from the evidence in the record. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). The Court will indulge in all reasonable presumptions against a defendant's waiver of his sixth amendment rights. *United States v. Davis*, 604 F.2d 474, 482 (7th Cir. 1979); *Day v. United States*, 357 F.2d 907, 909 (7th Cir. 1966).

In the present case, the experienced and able state trial judge advised the petitioner prior to trial that "there might be some conflict between the three [co-defendants] that would make it improper for you to have one lawyer." The trial judge also warned Tonaldi that "I don't know whether anybody is going to testify here, because you don't have to testify, but if some defendant or all defendants should testify and say something that was harmful to the other defendant that would be a conflict in the testimony probably, and it would be difficult for one lawyer to fairly represent all defendants when that occurs." *Tonaldi*, 424 N.E.2d at 1202 n.2.[3] When asked by the court whether he objected to an attorney representing all defendants, Tonaldi responded simply "[n]o, sir." Respondents argue that this answer from petitioner constitutes a valid waiver of his sixth amendment right to effective assistance of counsel. Although the facts may ultimately support this conclusion, the record is not sufficiently complete to permit this Court to make such a determination at this time.

The sixth amendment right to effective assistance of counsel encompasses the right to representation by an attorney who does not owe conflicting duties to other defendants. *Holloway v. Arkansas*, 435 U.S. 475, 484, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426 (1978). An individual may waive that right provided the waiver is knowing and intelligent. *Id.* 435 U.S. at 483 n.5, 98 S.Ct. at 1178 n.5, *Glasser v. United States*, 315 U.S. 60, 70, 62 S.Ct. 457, 464, 86 L.Ed. 680 (1942). Determination of whether an effective waiver has been made depends upon "the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

Tonaldi's petition for habeas relief in this case alleges that his purported waiver of sixth amendment rights before the trial judge was not knowing and intelligent because it was the result of his reliance on counsel's errant advice that there would in fact be no conflict between co-defendants. Tonaldi also contends that he did not understand the concept of conflict of interest as it related to his case. *Cf. United States v. Donahue*, 560 F.2d 1039, 1042–43 (1st Cir. 1977). Accordingly, Tonaldi argues, he could not appreciate the significance of the trial court's hypothetical warnings regarding joint representation at the time they were delivered.

The viability of these arguments on a factual level depend in large part on Tonaldi's background and experience with the criminal justice system. On the basis of the factual record currently before this Court, however, we cannot conclude as a matter of law that the trial court's warnings and Tonaldi's acquiescence constitute a valid waiver of the right to effective assistance of counsel. *Cf. United States v. Agosto*, 528 F.Supp. 1300, 1306–10 (D.Minn.

---

we have all the evidence necessary to decide the merits of this petition. As will be discussed *infra*, we do not agree.

**3.** Ultimately, a co-defendant did in fact testify at trial in a manner which incriminated Tonaldi. We will assume for purposes of this motion

that such testimony created an actual conflict of interest which, absent a valid waiver, denied petitioner his right to effective assistance of counsel. *Cf. Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980).

1981); *United States v. Garafola*, 428 F.Supp. 620, 623–24 (D.N.J.1977), *aff'd sub nom. United States v. Dolan*, 570 F.2d 1177 (3d 1978). Of necessity, the trial court's warnings to petitioner were relatively abstract. Moreover, the trial court's warnings did not advise the defendant of his right to separate counsel.[4] Further, Tonaldi's two-word response to the trial court's inquiry did not clearly manifest an affirmative understanding of the significance of his waiving his sixth amendment rights.[5] The waiver of a constitutional right is not effective unless it is performed with "sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970).

 As a general proposition, a defendant's reliance on his counsel's erroneous advice does not negate the knowing and intelligent character of his subsequent waiver of constitutional rights. It is well settled, for example, that a guilty plea is not subject to attack on the ground that the defendant relied on his counsel's advice unless that advice fell below the range of competence demanded of attorneys in criminal cases.[6] *Tollett v. Henderson*, 411 U.S. 258, 264, 93 S.Ct. 1602, 1606, 36 L.Ed.2d 235 (1973); *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763

(1970). The same principle should not, however, preclude review of petitioner's reliance argument in the context of this case. Although a reliance defense is likely to be a belated attempt to invalidate a knowing and intelligent waiver in guilty plea cases, the same defense may well be an accurate reflection of the level of the defendant's understanding in joint representation cases. In contrast to the nature of the rights waived in connection with a guilty plea, the subtle, yet fundamental, nature of the right waived in joint representation cases could easily escape the independent understanding of the layman, especially when advised by his counsel that no conflict exists. *See* Tague, "Multiple Representation and Conflicts of Interest in Criminal Cases," 67 Geo.L.J. 1075, 1102–03 (1979). *See generally Agosto, supra*, 528 F.Supp. at 1309. Indeed, as demonstrated by the facts of this case, even counsel will not always appreciate the consequence of his client's waiver of the right to a separate attorney.[7]

The United States Supreme Court has refused to hold that joint representation of co-defendants at criminal trials is unconstitutional per se. *Holloway v. Arkansas*, 434 U.S. 475, 485, 98 S.Ct. 1173, 1179, 55 L.Ed.2d 426 (1978). Nevertheless, the problem raised by this case exemplifies why such joint representation should be discouraged.

4. Although the Seventh Circuit has never expressly approved or disapproved such a principle, the Fifth Circuit has concluded that in order to show that the defendant knowingly waived his right to conflict-free counsel, the state must show that the defendant was aware of his right to obtain other counsel. *Zuck v. Alabama*, 588 F.2d 436, 440 (5th Cir.), *cert. denied*, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979). *Cf. United States v. Washington*, 586 F.2d 1147, 1156 (7th Cir. 1978).

5. Several courts have approved the general principle that trial courts should require defendants attempting to waive their right to conflict-free counsel to state in narrative fashion that they have been advised of their right to reflective representation, that they understand the nature and details of their attorney's possible conflict of interest, that they have discussed the matter with their attorney, and that they voluntarily waived their sixth amendment protections. *See, e.g., United States v. Dolan*, 570 F.2d 1177 (3d Cir. 1978); *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975). Al-

though not constitutionally mandated, *Cuyler, supra*, 446 U.S. at 346–47, 100 S.Ct. at 1717, *United States v. Gaines*, 529 F.2d 1038, 1044 (7th Cir. 1976), a detailed inquiry from the trial judge or an affirmative manifestation of understanding from the defendant usually would eliminate the need for a later hearing to evaluate the knowing and intelligent character of the waiver in joint representation cases.

6. Petitioner has not alleged here nor do we wish to infer that his counsel was incompetent in this case.

7. This is not to say, of course, that a defendant can always negate his prior waiver of the right to separate counsel by alleging a reliance defense. A sufficiently detailed set of warnings from the trial judge or an affirmative manifestation of understanding from the defendant would preclude the abuse of such a defense and eliminate the need for the kind of post-trial inquiry necessitated here.

A trial court, in our view, should be sensitive to the ethical [8] as well as constitutional consequences of such a trial strategy. Indeed, it may very well be the better procedure for a Court to err on the side of precluding joint representation, rather than be vulnerable on review to contentions such as those of petitioner herein.

In accordance with this opinion, therefore, respondents' motion for summary judgment is granted as to petitioner's sufficiency of evidence claim and denied as to petitioner's sixth amendment claim. The Court will conduct an evidentiary inquiry to determine whether petitioner's purported waiver of his right to separate counsel was knowing and intelligent at the time it was made. It is so ordered.

---

8. The potential for conflict of interest in representing multiple defendants is so grave that ordinarily a lawyer should decline to act for more than one of several co-defendants. ABA Standards for Criminal Justice, Standard 4–3.5 (1980). *See also*, ABA Code of Professional Responsibility DR5- 105.