**Clarence Arthur LANE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23004.**

United States Court of Appeals Fifth Circuit.

Feb. 24, 1967.

Clarence Arthur Lane, pro se.

E. J. Salcines, Asst. U. S. Atty., Tampa, Fla., Edward F. Boardman, U. S. Atty., Middle District of Florida, for appellee.

Before TUTTLE, Chief Judge, and BELL and GOLDBERG, Circuit Judges.

TUTTLE, Chief Judge:

Appellant filed a motion in the district court under 28 U.S.C. § 2255, to vacate the judgments and sentences entered upon his pleas of guilty to two indictments charging him with violations of the federal whiskey tax laws. In that motion, he alleged that the district judge failed to determine whether his guilty pleas were made voluntarily with understanding of the nature of the charges, as required by Rule 11 of the Federal Rules of Criminal Procedure; that in fact he agreed to plead guilty only because the Assistant United States Attorney and the district judge promised him in return that all charges against his father would be dropped and that a total sentence of no more than four years would be imposed, and made to run concurrent with a prior sentence in

the event his parole on that prior sentence was revoked.[1]

The district court held a full evidentiary hearing on the motion, at which appellant was represented by counsel retained in his behalf. After consideration of the evidence adduced and the arguments presented at the hearing, the court entered a memorandum of its findings and conclusions denying relief. This appeal followed.

■ We consider first the claim that the record of the proceeding in which appellant's pleas of guilty were accepted did not adequately demonstrate a satisfaction of the requirement of Rule 11 that "the court * * * shall not accept * * * [such a] plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." The relevant portions of the transcript of proceedings at which appellant's pleas were accepted are set out in the margin.[2] We are unable to agree with the district court's conclusion that Rule 11 was satisfied there-

1. The motion also contained the allegation that appellant was not afforded an opportunity to make a statement in his own behalf and to present information in mitigation of punishment prior to his sentencing, as required by Rule 32(a).
We are not altogether surprised that this claim has not been pressed, either at the hearing or on appeal, in view of the following colloquy found in the transcript of the sentencing proceedings:
"Court: Lane, you appeared before this Court earlier, and entered a plea of guilty to two indictments pending in this Court against you and the court, upon your plea of guilty, adjudged you guilty of each of the offenses on each count in each of those indictments.
I postponed them until this morning on the matter of imposition of sentence. Is there anything you have to say before sentences are imposed?
"Clarence Arthur Lane, Jr.: No, sir, Judge, I don't."

2. "The Court: Call a jury for the first case.
Mr. Mount: Might we request a five minute recess for counsel to confer with his client?
(Here followed a short recess.)
Mr. Mount: May we approach the bench a minute?
(Here followed a conference between the Court and counsel.)
The Court: Members of the jury, I have to take a ten minute recess. You may withdraw. Mr. United States Attorney. Call the defendants in the case that was on trial this morning.
Mr. Martin: If the Court please, counsel for the defendants would like to ask the permission of the Court to withdraw the plea of not guilty for Clarence Lane, Jr., and to enter a plea of guilty.
The Court: And enter a plea of guilty?
Mr. Martin: Yes, your Honor.
The Court: Which is your client?
Mr. Martin: Right here (indicating).

The Court: You are the client?
Mr. Martin: And his father is right here (indicating).
The Court: You concur in what your counsel just said?
Clarence Arthur Lane, Jr.: Yes, sir.
The Court: To withdraw your plea of not guilty and enter a plea of guilty on each of the four counts of this indictment.
Mr. Martin: It's 2 cases, your Honor.
Clarence Arthur Lane, Jr.: Yes.
The Court: The second case is what?
Mr. Mount: Number 8037, Criminal, Tampa, your Honor.
The Court: And you withdraw your plea of not guilty in that case?
Mr. Martin: Yes, your Honor.
Clarence Arthur Lane, Jr.: Yes, sir.
The Court: And enter a plea of guilty in that case?
Mr. Martin: Yes, sir.
The Court: How many counts are there in that indictment?
Mr. Mount: Four, in that one also. 8037.
The Court: Four counts? 8037?
The Court: In that case the defendants are whom?
Mr. Mount: Alonzo White Kinsey, Clarence Arthur Lane, Jr., and Jethro Curtis Oliver.
The Court: All right.
Mr. Mount: Alonzo White Kinsey is not before the Court this morning.
The Court: He's not here?
Mr. Mount: No, sir.
The Court: Is Oliver here?
The Court: You represent Oliver?
Mr. Fisher: Yes, your Honor.
The Court: And you move the Court to permit the withdraw, the plea of not guilty filed by Lane in this case?
Mr. Martin: Yes, your Honor.
The Court: And enter a plea of guilty?
Mr. Martin: Yes, your Honor.
The Court: And you concur in that?
Clarence Arthur Lane, Jr.: Yes, your Honor.

by. What we recently said in Rimanich v. United States, 357 F.2d 537 (5th Cir. 1966), bears repeating here: .

> Although no formal procedure and no explicit findings are required, *something more than the presence of counsel and the statement that the defendant pleads guilty is needed to satisfy the mandate of Rule 11*. See, e. g., Munich v. United States, 337 F.2d 356 (9th Cir. 1964). Explicit questioning of a defendant before the acceptance of a guilty plea not only helps to ensure that the plea is indeed being entered voluntarily and knowingly but it also greatly eases the task of the courts in a subsequent § 2255 proceeding. Id. at 538–39. (Emphasis added.)

 Our finding that Rule 11 was not complied with is not dispositive of the ultimate issue—which is, of course, whether the pleas were in fact voluntarily and understandingly made. If they were, then appellant was in no way prejudiced by the non-compliance. Domenica v. United States, 292 F.2d 483 (5th Cir. 1961). It does not follow, however, that this finding of non-compliance is without significance. The established import of such a finding is that it shifts to the Government the burden of proof on the question whether the plea of guilty was entered voluntarily and understandingly. Rimanich v. United States, supra.

It appears from the record that counsel experienced considerable difficulty in obtaining an accurate transcript of the proceedings in which appellant's pleas were accepted, and were unable to submit the transcript to the district court until approximately thirty days after the hearing on appellant's motion was conducted. This may account for the fact that the question of who bore the burden of proof on which issues was never raised in that proceeding. However, the issue of compliance with Rule 11 was squarely presented,[3] and the district court could have,

---

```
* * * * *
```
"The Court: The first one that I had was 8093. Is that right?

Mr. Mount: Yes, sir.

The Court: And each of these three defendants each entered pleas of guilty to that indictment?

Mr. Mount: Yes, your Honor.

Clarence Arthur Lane, Jr.: Yes.

The Court: The Court adjudges each of you guilty of the offense charged in each count of that indictment. Now, then, in Number 8037 each of you have entered a plea of guilty to the four counts in that indictment. Isn't it four?

Mr. Mount: Yes, your Honor.

The Court: The Court has permitted you to file that plea of guilty and the Court now adjudges each of you guilty on each of the four counts in this indictment.

The imposition of sentence against you is deferred until April 12th at nine-thirty A.M. Your cases are referred to the Probation Officer for investigation and report. You will see the Probation Officer before you leave the courthouse today, so that he can arrange to interview each of you with reference to these cases. Each of you be back here on April 12th at nine-thirty, when sentence will be imposed.

Mr. Mount: That leaves pending in Number 8093 the four counts in the indictment against Clarence Arthur Lane, Sr., which the Government will move to dismiss at the time of sentencing of the other two co-defendants.

The Court: You will withhold your motion until then.

Mr. Mount: Thank you, sir.

The Court: Now then, is this all we have against these boys this morning?

Mr. Mount: Yes, your Honor."

3. The following is an excerpt from the colloquy between the district judge and counsel for appellant which occurred at the outset of the hearing:

"The Court: Now, this petition is rather lengthy, and I think the gist of it was what I said, but I don't want to misquote the petition. Is that all that is in there?

Mr. Mitcham: No, your Honor. The first point that is going to be considered is as to whether or not Mr. Lane knew at the time that he entered his plea of guilty, that Mr. Lane knew what his rights were, whether or not it had been explained to him, and whether he knew what he was pleading guilty to. And I think the Court will see that this was not done.

Number two, that the Court failed at that time to inform the Defendant and to ask whether or not the Defendant was voluntarily entering his plea, and so forth, and had been promised anything.

and should have, resolved that issue and determined the incidence of the burden before proceeding to a decision of the case. A reading of the critical findings of fact and conclusions of law entered by the trial judge makes it apparent that if that issue was considered at all, it was not correctly decided:

## FINDINGS OF FACT

\*　　\*　　\*　　\*　　\*　　\*

8. *The evidence is insufficient to establish* any agreement between the United States Attorney's staff or Judge DeVane and the petitioner or his attorney that the Court would promise that any sentence imposed by the Court in these cases would run concurrently with any time required to be served by petitioner under any order of the Parole Board. (Emphasis added.)

## CONCLUSIONS OF LAW

1. The petitioner's claim that he was illegally sentenced because the Court accepted pleas of guilty from him without first determining that the pleas were made voluntarily, with understanding of the nature of the charges, *has not been established by the evidence.* (Emphasis added.)

\*　　\*　　\*　　\*　　\*　　\*

3. Petitioner has *failed to establish his claim* that he was promised or understood that any sentence imposed by Judge DeVane on the charges to which he pleaded guilty would be served concurrently with any time served by petitioner for parole violation. (Emphasis added.)

The state of the record is not such as would permit us to say that the trial judge would have been clearly erroneous had he found, after proper consideration of the evidence, that the Government failed to carry the burden of proving the ultimate fact that appellant's pleas were voluntarily and knowingly entered. Certainly, the evidence is clear beyond dispute that some negotiating was indulged in with respect to appellant's pleas. The

Assistant United States Attorney freely admitted that he called his superiors in Washington and obtained authority to dismiss the charges against appellant's father if appellant pleaded guilty, and the charges were in fact dismissed.

The testimony elicited on the question whether the charges against appellant had been adequately explained to him is not conclusive. On direct examination, his former attorney, Mr. Mitchell, testified as follows:

"Q. Mr. Martin, just a couple more questions. Did you at any time in your conversations with Clarence Lane, the Petitioner here, did you ever explain all of the charges that were pending against him?

A. Well, I wouldn't say that I did or didn't. We had a copy of the indictment. Naturally, I thought that he understood all of it. And I may have discussed all of it with him or I may not have.

Q. You don't remember?

A. I was under the impression that I had.

Q. But you don't remember, really?

A. I have practiced criminal law quite a long time, and I don't say—

Q. But in this particular case you don't really remember?

A. Well, I couldn't remember the details. I couldn't say positively that I had gone into all of it with him."

On cross examination directed to this point, counsel for the Government provoked this response:

"Q. I would like to ask you, sir, had you discussed the matters that were coming up for trial that day? Had you discussed them extensively with your clients?

A. You mean prior to?

Q. Yes, sir.

A. Well, I can only say what my custom was. I was in the habit of discussing them, but I don't know for sure.

Mr. Mitcham: Well, ascertain, yes, your Honor.
The Court: All right."

The Court: Well, it doesn't say to ask him, it says that the Court shall ascertain, doesn't it?

Mr. Mitcham: Your Honor, I enter an objection as to what his custom was. I mean if he knows, he can state that he went into them. But if he doesn't then I think that it is wholly improper. The Court: All right. Let's find out what he knows.

The Witness: As I have just testified, Mr. Lane was incarcerated over in Polk County for quite some time, immediately after these charges, I believe, were preferred against him, and I am not sure just when I discussed the case with him in particular, in detail. I don't know."

\* \* \* \* \* \*

"Q. Was Mr. Lane familiar with the nature of the charges against him?

A. As far as I knew.

Q. Did he understand what he was up here for?

A. Why, certainly, I think so."

Likewise, the evidence is in sharp conflict on the question whether there was an agreement between appellant or his attorney and the trial judge as to the sentence to be imposed if appellant pleaded guilty. Mr. Mitchell testified definitely that such an understanding was reached:

"The Witness: Judge DeVane went into detail about inquiring about his predicament. I explained to Judge DeVane just what he had been up against over in Polk County and over here. And it was Judge DeVane's opinion that parole, in all probability, would never be revoked. And he said if it was revoked, that he would let the sentence run concurrently with the parole.

Q. Did you tell Mr. Lane this, Mr. Martin?

A. Yes, sir."

On the other hand, the testimony of deputy clerk Gilbert was that Judge DeVane refused to make such a promise:

"Q. And was there a conversation between Mr. Martin and the Judge?

A. Yes, sir.

Q. Could you tell us the nature of the conversation?

A. Well, I don't remember exactly the exact words, but—

Q. That is all right. Just—

A. Mr. Martin wanted to know that if Clarence pled guilty—as a matter of fact, he did say he was going to plead on just one count in each case. And he said would the Judge run the sentences concurrent. And the Judge more or less asked—I don't believe the Judge knew exactly what the case was about—I think he asked them was it the same type, and he said they were moonshine cases. He said, well, that was his disposition, to run sentences concurrent when there were more than one counts, and things like that.

Now, the reason I remember that was that I was surprised when Mr. Lane pled guilty to three counts in one case, three or four counts in one case— I was shocked when we got back out and he pled guilty to all the counts instead of just the one.

Q. Was any conversation held between Mr. Lane and his attorney, Mr. Martin, with the Judge in reference to the parole matter?

A. Yes. They asked, 'Judge, will you run the sentences concurrent with the parole time?'—that Clarence was going to have to go back up and make good. And the Judge asked him had he been sentenced, had he been returned under parole, and—

The Court: Had been what?

The Witness: Had he been returned for violation of parole.

The Court: You mean had the parole been canceled?

The Witness: Yes, sir. Had his parole been revoked, in other words.

The Court: 'Revoked', that is the word.

The Witness: (Continuing.) And Mr. Martin said no. And the Judge said, 'Well, maybe if I give him a stiff enough sentence, they won't revoke his parole.' And that is all he said.

Q. But he never said that he would make that parole time concurrent with the sentence?

A. Actually—I said that is all he said. That isn't all he said. He said he couldn't run it concurrent because his parole hadn't been revoked, and he didn't know whether they were going to revoke it or not. And he said, 'Maybe if I give him a stiff enough sentence, they might not revoke his parole.'

Q. And that was the extent of the conversation?

A. That was the extent of the conversation."

By the foregoing discussion, we mean only to demonstrate that correct imposition of the burden of proof could conceivably have a bearing on the outcome of this case. We intend no implication that we consider the ultimate decision reached wrong. Our sole concern here is that it appears to have been wrongly reached.

We have determined that there was a failure to comply with the requirements of Rule 11 at the time appellant's pleas of guilty were accepted. The burden of proof, then, clearly belonged to the Government. Since it is apparent that the district court did not correctly impose that burden, we remand the case to that court so that it may review its findings and conclusions accordingly, and in the light of our decision in Cooper v. Holman, 356 F.2d 82 (5th Cir. 1966.)

The judgment is reversed.