**UNITED STATES of America, Appellee,**

v.

**Earl Lee TUCKER, Appellant.**

**No. 12618.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 3, 1969.

Decided May 12, 1970.

Marvin H. Schein, Baltimore, Md. (Court-appointed counsel), for appellant.

Paul M. Rosenberg, Asst. U. S. Atty. (Stephen H. Sachs, U. S. Atty., on brief), for appellee.

Before BOREMAN, BRYAN and BUTZNER, Circuit Judges.

BOREMAN, Circuit Judge:

Earl Lee Tucker appeals from his conviction on a charge of assault with intent to rape, following his plea of guilty in the district court. He was sentenced to twenty years imprisonment, but was made eligible for parole at any time under Title 18, U.S.C. § 4208(a) (2).

The prosecution stemmed from a 1965 multiple rape, in a Washington, D. C. warehouse, of a woman who was forcibly abducted from an automobile parked in Maryland along the Baltimore-Washington Parkway. Tucker was admittedly a passenger in a vehicle in which the abductors were riding but he now denies participation in the abduction, in assaulting the victim while in the car, or in the subsequent multiple rape. He contends that he was guilty of no more than a technical assault in touching the victim as he moved her legs which were draped across his lap.

The grand jury for the District of Maryland returned three-count indictments against six males, including this defendant, Tucker, charging them in count one with kidnapping, in count two with assault with intent to rape, and in count three with assault by striking and beating as well as by fondling, exploring and probing the private parts of the victim.

Tucker was arraigned on March 11, 1966, and entered a plea of not guilty to each count of the indictment. Eleven months thereafter, on February 13, 1967, upon rearraignment Tucker entered a plea of guilty to assault with intent to rape as charged in the second count. Upon the assertions of Tucker's court-appointed attorneys that there was a factual basis for the guilty plea and upon Tucker's indication that he had discussed the case with his attorneys and that he understood "all the facts in the case," the court accepted Tucker's plea of guilty and the Government dismissed the two remaining counts.

Wilson, one of the other defendants, was tried separately on October 2, 1967, for the same crimes, and Tucker testified, as a witness for the prosecution, that he had not participated in the abduction, that he was asleep in the back seat of the car when the abduction took place in Maryland, that he awoke to find the victim lying in the back seat with her legs across his lap, that he removed her legs from his lap, that he did not participate in any assault upon her person while in the car, that he did not molest her, and that he did not participate in the subsequent multiple rape. He did admit that there had been discussion in the car among the defendants concerning the order in which they would have sexual intercourse with the victim and that he was supposed to have been either fifth or sixth in line. At this same Wilson trial, another of the defendants, Turner, a close friend of Tucker, testified that Tucker had been sitting in the front seat of the car, had participated in the assault upon the victim's person while in the car and had sexual relations with the victim during the multiple rape in the District of Columbia.

Tucker was scheduled for sentencing in the District of Maryland on June 7, 1968, along with four other defendants whose cases were pending in that district. However, in the meantime, on April 8, 1968, the Supreme Court announced its decision in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), holding unconstitutional the death penalty provision of the Lindbergh Kidnaping Act[1] for the reason that it improperly encouraged a guilty plea to escape the possibility of a death sentence. In view of *Jackson*, the Government informed the district court that it would not oppose a motion by any of these defendants to withdraw a guilty plea prior to sentencing if based upon a claim that his guilty plea had been entered to a lesser count of the indictment because of fear of imposition of the death penalty upon a verdict of guilty on the kidnapping charge. Before the cases were called for sentencing, the district court advised the defendants and their counsel of the Government's position, explained the ramifications of the *Jackson* decision, told them that the kidnapping charge could result in a maximum sentence of life imprisonment, and requested that the defendants confer with their counsel and advise the court whether any defendant desired to withdraw his guilty plea. Tucker, after consultation with his counsel, informed the court that he still wanted the court to accept his plea of guilty, but he told the court that he did not participate in any of the criminal offenses against the victim and substantially repeated his testimony given in the Wilson trial that he was not an active participant in the crimes and that, at most, he was guilty of a technical assault by touching her legs when he removed them from his lap. The court advised Tucker that he had a right to

1.  18 U.S.C. § 1201(a).

withdraw his guilty plea and face trial on all three, counts of the indictment, but again warned him that the kidnapping charge could possibly result in the imposition of a life sentence. Tucker insisted that it was still his desire that the court accept his plea of guilty to assault with intent to rape.

When Tucker claimed innocence at the later sentencing proceedings, government counsel gave the court two FBI reports of alleged oral interviews with Tucker on November 20, 1965, in which Tucker allegedly admitted having actively participated in the assault in the car and in the subsequent multiple rape. Tucker denied making any such statements to the FBI.

On appeal, Tucker takes the position that the district court erred in accepting his plea of guilty since the court was fully aware that the defendant denied participation in the charged offense.

Rule 11 of the Federal Rules of Criminal Procedure has long required that a district judge, prior to the acceptance of a guilty plea, should ascertain that the plea was understandingly and voluntarily entered. Effective July 1, 1966, Rule 11 was amended by adding the requirement that the district court *personally* address the defendant to determine that the guilty plea is voluntarily made with full understanding of the nature of the charge and the consequences of the plea, and also that the court defer entering judgment upon such plea unless the court is satisfied that there is a factual basis for the plea. In McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Court held that Rule 11 must be strictly construed, that strict compliance therewith is required, and that the failure of the judge to personally address the defendant to ascertain that the plea is being tendered voluntarily with understanding of the nature of the charge and the consequences of the plea or to satisfy himself that there is a factual basis for the plea is not strict compliance.

Although counsel for both sides have failed to discuss or even refer to the

McCarthy decision in briefs or at oral argument we feel bound to consider and apply the principles enunciated therein because Tucker is an indigent defendant represented by appointed counsel and because the facts pertaining to the arraignment proceedings in this case are quite similar to those in McCarthy. The McCarthy decision has two specific and divisible portions. The first portion of the opinion specified the procedures which must be followed in strict compliance with Rule 11 as amended July 1, 1966. In the second portion it was held that a defendant whose guilty plea has been accepted in violation of Rule 11 *must* be rearraigned and allowed to plead anew. Subsequently, in Halliday v. United States, 394 U.S. 831, 833, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), the Court said:

"In McCarthy we noted that the practice we were requiring had been previously followed by only one Circuit; that over 85% of all convictions in the federal courts are obtained pursuant to guilty pleas; and that prior to Rule 11's recent amendment, not all district judges personally questioned defendants before accepting their guilty pleas. Thus, in view of the general application of Rule 11 in a manner inconsistent with our holding in McCarthy, and in view of the large number of constitutionally valid convictions that may have been obtained without full compliance with Rule 11, we decline to apply McCarthy retroactively. We hold that only those defendants whose guilty pleas were accepted after April 2, 1969, *are entitled to plead anew* if their pleas were accepted without full compliance with Rule 11." (Emphasis added.)

Thus, in Halliday, the Court held nonretroactive that portion of McCarthy which *required* a rearraignment, rather than merely a hearing on the voluntariness of a guilty plea; but the Halliday decision did not affect McCarthy's strict interpretation of amended Rule 11 since this portion of McCarthy, as was pointed out by Justice Harlan in his concur-

ring opinion in *Halliday, supra* at page 834, 89 S.Ct. at page 1500 " * * * merely interpreted Rule 11 * * * as amended effective July 1, 1966."

In interpreting the requirements of Rule 11, the Court in *McCarthy* said that the Rule has two main purposes:

" * * * to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." 394 U.S. 459, 465, 89 S.Ct. 1166, 1170.

The Court also made it clear that a trial judge must make certain that the defendant admits to conduct which would establish a factual basis for a plea of guilty, as the Court said at 467, 89 S.Ct. at 1171:

"Thus, in addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea. *The judge must determine 'that the conduct which the defendant admits constitutes the offense charged* in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" (Emphasis added.) (Footnotes omitted.)

In determining whether or not the trial judge complied with the strict requirements of Rule 11 in accepting Tucker's plea of guilty, we look to all arraignment proceedings. At his first arraignment on March 11, 1966, Tucker pled not guilty to all counts, so that proceeding presents no issue for present consideration.

▇▇ At Tucker's rearraignment on February 13, 1967 (subsequent to July 1, 1966, the effective date of the amendment to Rule 11), at which he entered his plea of guilty to the charge of assault with intent to rape, the record shows that the court did not personally address Tucker to ascertain that he knew the nature of the charge and shows also that Tucker did not admit to conduct which constituted the charged offense which would have established a factual basis for the guilty plea. It is apparent that the judge was aware that he was required to find a factual basis for the guilty plea, as the court invited defense counsel to make a statement of the facts so that Tucker could agree with such a factual statement. However, instead of stating specific facts which might have shown Tucker's understanding of the nature of the charge and which might have constituted a factual basis for the plea, defense counsel merely made generalized statements that he had " * * * discussed this with you [Tucker] fully, and we have gone over this case on a number of occasions, and the facts and everything else * * *," that Tucker understood " * * * all the facts in the case," and that counsel had " * * * gone over just as early as this morning some other additional facts in regard to your [Tucker's] plea and so forth. * * *" Tucker indicated that these generalized statements of his counsel were correct. It appears that the court then attempted to address and interrogate Tucker personally regarding his understanding of the facts in order to ascertain whether Tucker admitted engaging in conduct which would have constituted the charged offense and thereby provided a

factual basis for the guilty plea, but defense counsel continually interrupted the interrogation, asserting in general terms that his client understood "all aspects of the case" and that there was a factual basis for the plea. Consequently, the record does not show that the court was successful in its attempts to ascertain from Tucker himself that he understood the nature of the charge or that Tucker admitted engaging in conduct which constituted the charged offense thereby providing a basis in fact for the guilty plea. Statements and admissions by a defendant's counsel do not satisfy Rule 11's requirement that the court personally address the defendant to ascertain that defendant understands the nature of the charge. Nor do generalized admissions or statements by a defendant's counsel meet the requirement that the court be satisfied that there is a factual basis for the plea from the defendant's own admission that he engaged in conduct which constitutes the charged offense. Such generalized admissions or statements are totally inconsistent with the purposes of Rule 11, as set out in *McCarthy*, and we feel compelled to hold that there was not sufficient compliance with Rule 11 at the February 13, 1967, proceeding.

■ The Government contends that at the June 7, 1968, presentencing proceeding (at which Tucker was given the opportunity to withdraw his guilty plea in light of *Jackson*) the district court had before it sufficient factual information to meet Rule 11's requirement that the court be satisfied of the existence of a factual basis for a guilty plea. It is true that the same district judge presided at Tucker's February 13, 1967, rearraignment, at Tucker's June 7, 1968, presentencing proceeding, and at the trial of codefendant Wilson where the judge had heard testimony which implicated Tucker. Also, the judge was made aware of FBI reports in which Tucker had allegedly made statements to the FBI incriminating himself, which state-ments Tucker denied having made. However, the judge was also aware at this time of Tucker's continuing assertions of innocence, his denial of active participation in the criminal acts and his contention that he had merely been a victim of circumstance, which statements were made at his presentencing proceeding as well as during his testimony at the trial of his codefendant, Wilson. It would be unreasonable to say that the court had ascertained a sufficient factual basis for accepting Tucker's guilty plea when the court was also then aware of Tucker's persistent and repeated assertions of innocence. Moore on Federal Practice [2] contains a pertinent discussion of this type situation at page 11-51:

> " * * * [I]t is important to differentiate between two categories of cases. In the first category are cases where the defendant denies the commission of any act or conduct which might constitute a criminal offense— i. e., a complete denial of involvement. The 'factual basis' provision by its own terms does not reach this situation since it deals only with the legal implications to be drawn from *admitted* conduct. Regardless of the human tendency of defendants 'to deny or gloss over their involvement,' if at 'the moment of truth' such denial persists, no judge may conscientiously accept a plea, and no counsel may insist upon it, though he can and should give his client the benefit of a realistic appraisal of the situation. To accept a plea in the face of a complete denial of involvement, regardless of the strength of the incriminating evidence, is to invite a collateral attack."

Even had there been a sufficient factual basis for the guilty plea at this time, there was no revelation in the record that the court personally addressed Tucker to determine that he understood the nature of the charges against him. We conclude that the presentencing proceeding did not cure the

---

2. 8 Moore's Federal Practice ¶ 11.03[4], p. 11-51.

defects apparent in connection with the acceptance of the guilty plea at the February 13, 1967, rearraignment.

■ Having determined that Tucker's plea of guilty was accepted in violation of Rule 11, a question is presented as to the proper remedy. Had the guilty plea been accepted after April 2, 1969 (the date of the *McCarthy* decision), Tucker would have been entitled to plead anew but, as hereinbefore noted, that remedy was held to be not retroactive. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, *supra*. Therefore, it appears that the appropriate remedy is a hearing before the district court for the purpose of determining whether Tucker's guilty plea was entered voluntarily and understandingly. Halliday v. United States, *supra*; Lord v. United States Government, 412 F.2d 499, 504 (4 Cir. 1969); Durant v. United States, 410 F.2d 689, 693 (1 Cir. 1969). As we stated in *Lord, supra* 412 F.2d at 504–505:

> "If the district court finds \* \* \* that the guilty plea was not understandingly and voluntarily tendered the conviction and sentence under attack shall be vacated, the prisoner shall be rearraigned and such further proceedings shall be had as necessary and proper in the circumstances."

Accordingly, the judgment below is vacated and the case is remanded with instructions to the district court to hold a hearing. If the court finds that the plea was entered voluntarily and with understanding the judgment below shall be reinstated; however, if the court finds that the plea was entered involuntarily and without understanding Tucker shall be rearraigned and such further proceedings shall be had as necessary and proper in the circumstances.

Judgment vacated and the case remanded with instructions.

ALBERT V. BRYAN, Circuit Judge (concurring):

The District Judge, I think, was devoutly faithful to Rule 11. For me the appellant overpictures his contra convention. Moreover, the trial judge endeavored to observe the universal truth that a plea of guilty, to be acceptable and accepted, must be unequivocal: otherwise it is to be rejected, and a plea of not guilty, with a trial, substituted.

However, I am apprehensive that Tucker's was not a "full" plea of guilty. Instead, it might be termed a guilty-yet-not-guilty plea—that is one voluntarily given with an understanding of the nature of the charge and the consequences of the plea, but tendered nonetheless with an uncertainty. In the circumstances here, there is, to me, an obscurity about the uncertainty, but it seems to pertain to his factual part in the indictment conduct. For this reason I approve vacation of the sentence, with inquisition on remand upon whether the defendant's plea was free of any reservation in acknowledging his guilt.