**Sidney Joseph DIGGS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Misc. No. 1749.**

United States District Court, E. D. Louisiana, New Orleans Division.

Dec. 17, 1970.

Louis R. Koerner, Jr., New Orleans, La., for petitioner.

Richard Olsen, Asst. U. S. Atty., for respondent.

RUBIN, District Judge:

Sidney Joseph Diggs pleaded guilty to selling heroin in violation of 21 U.S.C. § 174 and 26 U.S.C. §§ 4704(a) and 4705(a) on August 3, 1960. He was sentenced to five years imprisonment and served the sentence. In 1969, he was charged with and pleaded guilty to receiving and concealing heroin in violation of 21 U.S.C. §§ 173 and 174. When he admitted that he was a second of-

fender, he was sentenced to twelve years imprisonment. In this proceeding, brought under 28 U.S.C. Sec. 2255, he seeks to set aside his 1960 plea of guilty, as a prelude to attacking his 1969 sentence.

Diggs contends that his guilty plea was not made knowledgeably, because he did not understand the exact nature of the charge against him or the maximum sentence that could be imposed, and because he placed reliance on the representations of his retained counsel that he would be sent to an institution for rehabilitation, not imprisoned. He also says he was coerced and intimidated although the nature of the coercion or intimidation does not appear.

At the time of the 1960 sentencing Rule 11 of the Federal Rules of Criminal Procedure provided, in part, "The Court * * * shall not accept the plea [of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge." [1] The record of the proceedings in which Diggs pleaded guilty reads as follows:

"THE COURT: Sidney Diggs.

MR. WELLER: Are you Sidney Diggs?

DEFENDANT DIGGS: Yes, sir.

MR. WELLER: Are you represented by Mr. McKay?

DEFENDANT DIGGS: Yes, sir.

MR. MCKAY: If Your Honor please, in this matter we would like to withdraw the plea of not guilty heretofore entered as to count six (6) of this indictment and enter therefor a plea of guilty.

MR. WELLER: May it please the court, in view of the defendant's plea of guilty to count six (6) the Gov-

---

1. In pertinent part, Rule 11 presently provides:

The court * * * shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. As amended Feb. 28, 1966, eff. July 1, 1966.

ernment requests leave to dismiss count five (5) of the indictment insofar as it concerns the defendant Sidney Joseph Diggs.

THE COURT: Very well, let the plea of guilty be entered as to count six (6).

Let count five (5) be dismissed as to this defendant."

■ Clearly no Rule 11 determination was made by the trial judge. But this does not ipso facto require the plea to be set aside, for the error is harmless if the plea was in fact voluntary. Lane v. United States, 5 Cir. 1967, 373 F.2d 570; Domenica v. United States, 1 Cir. 1961, 292 F.2d 483, 486; United States v. Davis, 7 Cir. 1954, 212 F.2d 264; Munich v. United States, 9 Cir. 1964, 337 F.2d 356. Failure to comply with Rule 11 does shift to the government the burden of proving that the plea was voluntary in fact. This requires detailed scrutiny of the evidence presented by the government in an effort to demonstrate this.

Mr. McKay had been retained as plaintiff's counsel. He is now deceased, but he had served as U. S. Attorney and was considered well qualified and experienced in the trial of criminal cases. Neither party considered that the Assistant U. S. Attorney who handled the prosecution, Francis G. Weller, had any knowledge of the case beyond what appears in the record. Mr. Diggs is alive and well, albeit in prison, and he says he never spoke to Mr. McKay about the change of plea until twenty minutes before it was entered, he did not know he could be sentenced to five years, and he expected to be sent to some institution for rehabilitation. It is certain that, when sentenced to five years, he did not protest. Nor did he say anything at all about these matters when he pleaded guilty to another charge in 1969, before Judge Constance B. Motley and admitted he was a second offender, or later in 1969 when he was sentenced to twelve years in prison by Judge Frankel.

Diggs was accused of being a second offender before Judge Motley and informed that, as a second offender, he might be sentenced to a minimum term of ten years and a maximum of forty. Later, before Judge Marvin E. Frankel, he said he was the same person previously convicted, and again he was informed that this made him subject to a minimum sentence of ten years and a maximum of forty. He said he understood and raised no protest. During these proceedings, Judge Frankel told Mr. Diggs, "You face this minimum, a rather large maximum, and is there anything you might want to say that might help you or help me?" The defendant responded, "No, sir."

One of the Narcotic Agents who was present at an interview of the defendant after he was arrested testified that, in an effort to induce him to cooperate with the government and to expose other offenders, the agent in charge of the case told defendant how long a sentence he might receive. The defendant denies this.

■ After having carefully observed Mr. Diggs' demeanor while testifying, I am unable to believe any of the contested aspects of his testimony. Certainly, the only witness who could directly contradict Mr. Diggs is dead and gone. But the record indicates that Mr. Diggs was actively engaged in the heroin business, at least after his first conviction; made many trips from New Orleans to New York for this purpose; and was a knowledgeable person. In addition, his brother had been sentenced to serve 20 years for selling narcotics and Diggs had testified in his behalf in an effort to obtain a reduction of sentence only a few weeks before his conviction. I am convinced that the preponderance of the evidence demonstrates that Diggs understood the nature of the charge, the penalty that might be imposed on him, the

benefit he might receive as the result of the dismissal of another count against him, and that he voluntarily pleaded guilty.

Diggs also suggests that Mr. McKay made an error in judgment in allowing him to plead guilty. But, there is no credible evidence to support Mr. Diggs, and I am convinced, from the record, that it was in Diggs' best interest to plead guilty if only because, by doing so, he obtained dismissal of another charge against him. Moreover, no error of judgment suggested by the petition would establish incompetency of counsel.

The Fifth Circuit has defined effective counsel in terms of the standard of "reasonable counsel." It has interpreted "the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." MacKenna v. Ellis, 5 Cir. 1960, 280 F.2d 592. See also Brown v. Beto, 5 Cir. 1967, 377 F.2d 950, 957–958. There is no evidence in the record that, by this standard, Diggs' counsel was ineffective or that his lack of competence was such as to reduce the trial to a farce, a mockery of justice or a sham. See, King v. Beto, 5 Cir. 1970, 429 F.2d 485, 487.

Under these circumstances, the petitioner is not entitled to relief. I expressly reach my decision on the record, and not in reliance on the decision in Zales v. Henderson, 5th Cir., 1970, 433 F.2d 20. In *Zales*, the trial judge, on the record, had determined that the defendant's plea to the habitual offender charge was voluntary. In the 1969 sentencing, however, no such determination was made when Diggs admitted that he was the same person who had been previously convicted.

For the reasons stated, the motion is denied.