447 F.2d 460
 Sidney Joseph DIGGS, Petitioner-Appellant,
v.
UNITES STATES of America, Respondent-Appellee.
No. 71-1221 Summary Calendar.*
*(1) Rule 18, 5 Cir., Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 25, 1971.
 
 Louis R. Koerner, Jr., New Orleans, La., for petitioner-appellant.
 Gerald J. Gallinghouse, U.S. Atty., Patrick C. McGinity, Asst. U.S. Atty., New Orleans, La., for respondent-appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from an order denying a motion to vacate and set aside a sentence. Diggs v. United States, E.D., La., 1970, 322 F.Supp. 1123; 28 U.S.C.A. 2255.
 
 
 2
 On August 3, 1960, appellant pleaded guilty to selling heroin in violation of 21 U.S.C.A. 174 and 26 U.S.C.A. 4704(a) and 4705(a), and was sentenced to five years imprisonment. In 1969, he was charged with receiving and concealing heroin in violation of 21 U.S.C.A. 173, 174. Appellant entered a plea of guilty and admitted his prior conviction. As a second offender, he was sentenced under the provisions of 21 U.S.C.A. 174 to twelve years imprisonment. Appellant is attacking the validity of his 1960 guilty plea as a prelude to attacking his 1969 sentence as a second offender.
 
 
 3
 Essentially, the disposition of the appellant's case rests upon a determination of the voluntariness of the appellant's 1960 guilty plea. Rule 11, F.R.Cr.P., in effect prior to July 1, 1966, proscribed the acceptance of a guilty plea without a determination 'that the plea is made voluntarily with understanding of the nature of the charge.' The record below reveals that the trial judge in 1960 failed to make such a determination. Diggs v. United States, supra. However, this deficiency does not require that the plea be set aside if the government meets the burden of showing that the plea was in fact voluntary and the defendant had an understanding of the charge. See e.g., Hopkins v. United States, 5 Cir., 1970, 431 F.2d 429, 431; Lane v. United States, 5 Cir., 1967, 373 F.2d 570, 573; Rimanich v. United States, 5 Cir., 1966, 357 F.2d 537, 538. The decision of the Supreme Court in McCarthy v. United States, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, requiring the record to contain Rule 11 dialogue has been held to be non-retroactive and is therefore inapplicable. Halliday v. United States, 1969, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16. Thus, the sole issue before this court is whether the district court properly held that the government met its burden of proof.
 
 
 4
 Appellant's contention that the district court erred in allowing the government to meet its burden by calling the appellant as a witness is without merit. A motion for an order under 28 U.S.C.A. 2255 is civil rather than criminal in nature. Rosecrans v. United States, 5 Cir., 1967, 378 F.2d 561. As such, the procedure followed in the district court was clearly within the limits of Rule 43(b), F.R.Civ.P., which sllows a party in a civil action to call an adverse witness and treat him in all respects as if he had been called by the adverse party.
 
 
 5
 Appellant misconceives the applicability of pronouncement by this court in Spradley v. United States, 5 Cir., 1970, 421 F.2d 1043, 1047, that withdrawals of guilty pleas should be liberally granted. There the setting aside of a guilty plea rested on incorrect information given by the court to the defendant at the time of entering the plea as to eligibility for parole. That principle is not controlling here. No such situation is presented here.
 
 
 6
 The destrict court's failure to require testimony from certain witnesses who had knowledge of the circumstances surrounding the 1960 guilty plea did not constitute error. Of courts the government must meet its burden of proof, but there is no requirement that it call every witness who might have some knowledge of the case. Here the district court carefully reviewed the record and heard testimony from three witnesses. It concluded that there was ample evidence to support the government's burden of proving the voluntariness of the plea in fact. Not only are the findings of the court below not clearly erroneous, but they are well supported by the record. Therefore, we conclude that the appellant's 1960 guilty plea was voluntary and made with an understanding of the nature of the charge.
 
 
 7
 Affirmed.