489 F.2d 427
 Ralph HALL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 73-1792 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 8, 1974.
 
 Gerald L. Burrows, Atlanta, Ga. (Court-appointed), for petitioner-appellant.
 John W. Stokes, Jr., U.S. Atty., William P. Gaffney, Asst. U.S. Atty., Atlanta, Ga., for respondent-appellee.
 Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.
 GOLDBERG, Circuit Judge:
 
 
 1
 Ralph Hall appeals the denial of his motion to vacate sentence, filed pursuant to 28 U.S.C. 2255 (1970). On appeal he repeats the claims made in the original motion that in the proceedings leading to his conviction, he was denied effective assistance of counsel in violation of the Sixth Amendment, and that the trial judge who accepted his plea of guilty failed to comply with the requirements of Fed.R.Crim.Proc. 11. In addition, he now claims that in the Section 2255 evidentiary hearing conducted below, the district judge improperly placed on Hall, the petitioner, the burden of proof on the issue of the voluntariness of his guilty plea.
 
 
 2
 We begin with Appellant's ineffective assistance of counsel claim. Initially Hall indicated a desire to retain private counsel, but subsequently requested and received a court-appointed attorney. Appellant's complaints against his court-appointed counsel were quite specific, and if true might have established a violation of the Sixth Amendment. Both Appellant and the attorney testified at the Section 2255 hearing, and the attorney answered Hall's charges in some detail. The district judge thus had an opportunity to evaluate the credibility of the witnesses first hand. His was the responsibility for weighing the conflicting testimony, and he resolved the conflicts against Hall. That decision is not clearly erroneous.
 
 
 3
 Appellant was indicted in August 1966 for interstate transportation of a stolen vehicle, 18 U.S.C. 2312 (1970), and kidnapping, 18 U.S.C. 1201 (1970). He pleaded guilty to both charges on September 28, 1966, and thereafter was sentenced to concurrent terms of five years on the Dyer Act charge and twenty years on the kidnapping charge. He took no direct appeal.
 
 
 4
 The date of the guilty plea-- September 28, 1966-- is extremely important in resolving Hall's second allegation of error, for several significant amendments to Fed.R.Crim.Proc. 11 became effective on July 1, 1966. See generally 8 Moore's Federal Practice, Cites-- Rules of Criminal Procedure PP11.01, 1103 (2d ed. 1973); 1 Wright, Federal Practice and Procedure 171-75 (1969). Previously Rule 11 required that before accepting a plea of guilty, the court should determine that the plea was made voluntarily and with understanding of the nature of the charge. Since July 1, 1966, however, Rule 11 has mandated that before accepting a guilty plea the court must 'address the defendant personally' in order to determine 'that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea.' In addition, 'the court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.' The goal of the amended rule remains essentially what it was before-- to ensure that guilty pleas be truly voluntary and to allow expeditious disposition of post-conviction attacks on guilty pleas. McCarthy v. United States, 1969, 394 U.S. 459, 465-466, 89 S.Ct. 1166, 22 L.Ed.2d 418, 425. Nevertheless, the degree to which the amendments required modification of the customary methods followed in accepting a plea in order to enhance the reliability of the voluntariness determination must not be overlooked.
 
 
 5
 Appellant Hall, accompanied by counsel, pleaded guilty nearly three months after the 1966 amendments became effective. We have not been provided with a complete transcript of the proceedings, but the portion cited by Appellant in his brief, set out in the margin,[1] clearly reveals that Rule 11's literal requirements were not satisfied. Indeed, the Government seems to concede the absence of exact adherence to the revised Rule 11 procedure, and the court below noted the failure of the Rule 11 trial court to 'make a specific investigation of the voluntariness of the petitioner's plea . . ..' (Record at 179)
 
 
 6
 In McCarthy v. United States, supra, the Supreme Court held that Rule 11 must be strictly construed and that courts must strictly comply with its requirements. The Court also held that a defendant must be allowed to replead if the record of the original pleading process does not reflect scrupulous compliance with the requirements of the rule. In Halliday v. United States, 1969, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, the Court declined to apply the 'automatic prejudice,' repleading aspect of McCarthy retroactively, expressly limiting that portion of McCarthy to defendants whose guilty pleas were accepted after April 2, 1969. The Court based its decision in Halliday in part on the facts, previously noted in McCarthy, that the repleading practice had theretofore been followed in only one circuit and that prior to the 1966 amendments it was common for district judges not to interrogate defendants personally before accepting guilty pleas. Halliday v. United States, supra, 394 U.S. at 833, 89 S.Ct. at 1499, 23 L.Ed.2d at 20. See Fed.R.Crim.Proc. 11, Notes of Advisory Committee on Criminal Rules. Indeed, prior to the 1966 amendments the practice of trial judges not interrogating defendants personally was common in this Circuit. E.g., Meeks v. United States, 5 Cir. 1962, 298 F.2d 204.
 
 
 7
 Halliday thus makes it clear that literal noncompliance with the requirements of Rule 11 does not end the analysis when defendants, such as Hall, who pleaded guilty between July 1, 1966, and April 2, 1969, launch post-conviction attacks on guilty pleas. If the record does not demonstrate literal compliance with Rule 11, a hearing must be held in which the Government bears the burden of proving that the guilty plea was in fact entered voluntarily and understandingly. Monroe v. United States, 5 Cir. 1972, 463 F.2d 1032; Barton v. United States, 5 Cir. 1972, 458 F.2d 537. See Diggs v. United States, 5 Cir. 1971, 447 F.2d 460, cert. denied, 1972, 409 U.S. 882, 93 S.Ct. 170, 34 L.Ed.2d 138; Lane v. United States, 5 Cir. 1967, 373 F.2d 570; Rimanich v. United States, 5 Cir. 1966, 357 F.2d 537.
 
 
 8
 Appellant cites a portion of the transcript from the Section 2255 hearing below to support his argument that the court improperly placed the burden on the voluntariness issue on petitioner.[2] Although the quoted language is admittedly ambiguous, we disagree with Appellant's interpretation of what happened. A review of the entire transcript reveals that throughout the proceeding all concerned placed primary emphasis on Hall's ineffective assistance of counsel claim. On that issue, Appellant did bear the burden of proof both in the sense of the burden of going forward with the evidence and in the sense of the risk of nonpersuasion. Reading the quoted language in context, it seems likely that the court was simply referring to the burden of proof in the sense of the duty of going forward with the evidence. Moreover, both sides submitted post-hearing briefs in which the Government readily admitted, as it does in this appeal, that it bore the risk of nonpersuasion on the issue of the voluntariness of the plea. We do not believe that the court below improperly relieved the Government of that burden.
 
 
 9
 Although primary emphasis in the hearing below was on the effectiveness of the court-appointed counsel's assistance, Hall's complaint on that issue was closely linked to his charge that his guilty plea was accepted in violation of Rule 11. Reading the entire transcript of the Section 2255 hearing reveals a good deal of testimony relating to the voluntariness of Hall's plea. In addition, each side briefed the issue in the post-hearing briefs. Notwithstanding the efforts made by the Government and the court on the voluntariness issue, however, we have concluded that further investigation into one aspect of Rule 11 is necessary.
 
 
 10
 On remand the court should focus on the final sentence of Rule 11, called the most significant of the 1966 amendments,[3] which requires that judgment shall not be entered on a guilty plea unless the court is satisfied that there is a factual basis for the plea. In the initial 2255 motion filed pro se, Hall alleged that the pleading court failed to comply with this requirement.[4] The portion of the 1966 proceeding cited by Hall supports this allegation, and we are unable to find from the rest of the record before us that there was a factual basis for the plea that was apparent to the court in 1966.
 
 
 11
 Thus this case falls in the category of cases described by then Chief Judge Lumbard in Manley v. United States, 2 Cir. 1970, 432 F.2d 1241, 1245 (en banc):
 
 
 12
 There will be pleas of guilty in the period between July 1, 1966, when the amendment of Rule 11 became effective, and April 2, 1969, where the record does not show that the sentencing judge knew that there was a factual basis for the plea . . .. If the existence of a factual basis is questioned in such a case and there is reason to believe that a hearing would show that the court was aware of a factual basis for the plea before judgment was entered upon it, then the district court should hold a hearing and make a finding thereon. If such a finding can be made, we see no need to vacate the plea.
 
 
 13
 See United States v. Antoine, 2 Cir. 1970, 434 F.2d 930; United States v. Tucker, 4 Cir. 1970, 425 F.2d 624.
 
 
 14
 Without intending to restrict the avenues of inquiry that the court below might pursue on remand, we note that the 1966 court might have satisfied itself of the factual basis for the plea in various ways, including 'inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise . . ..' Fed.R.Crim.Proc. 11, Notes of Advisory Committee on Criminal Rules. We do intend to emphasize the importance of this portion of Rule 11, and to caution that judgment on Hall's guilty plea should not have been entered unless the court in fact was satisfied that 'the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' Id. See United States v. Untiedt, 8 Cir. 1973, 479 F.2d 1265; Reed v. United States, 5 Cir. 1973, 471 F.2d 721; United States v. Tucker, supra.
 
 
 15
 Accordingly, we affirm the district court on the issue of ineffective assistance of counsel and remand for further proceedings consistent with this opinion on the Rule 11 problem.
 
 
 16
 Affirmed in part and remanded in part.
 
 
 
 [1]
 MR. HAND (for the Government): Call Case No. 24,856, Mr. Ralph Hall. Mr. Hall, will you come forward, please, sir. (Whereupon, the defendant approached the bench with counsel.)
 MR. HAND: Mr. Matthews represents Mr. Hall, having been previously appointed by the Court.
 THE COURT: All right, sir.
 MR. HAND: Mr. Matthews and Mr. Hall, you have received a copy of the charges, is that correct?
 MR. MATTHEWS: Yes.
 MR. HALL: Yes.
 MR. HAND: It is my understanding at this time you wish to waive formal arraignment, is that correct?
 MR. MATTHEWS: That's correct, isn't it, Mr. Hall?
 MR. HALL: Yes, sir.
 MR. HAND: All right, sir, let me advise you before you enter your plea as to Count One the maximum punishment would be a life sentence; as to Count Two the maximum punishment is a five-thousand-dollar fine, five years imprisonment or both.
 Count One charges a kidnapping charge.
 Count Two is interstate transportation of a stolen motor vehicle.
 You have discussed these charges with your attorney?
 MR. HALL: Yes, sir.
 MR. HAND: You understand both charges?
 MR. HALL: Yes, sir.
 MR. HAND: All right, sir.
 Mr. Matthews, and Mr. Hall, how do you wish to plead?
 MR. MATTHEWS: How do you wish to plead?
 MR. HALL: Guilty.
 THE COURT: When did you decide to plead guilty, sir?
 MR. HALL: After a long and careful consideration over the weekend, sir.
 THE COURT: Have you ever had any experience in court before?
 MR. HALL: No, sir, not really.
 THE COURT: You understand what the maximum sentence could be for this plea that you are entering?
 MR. HALL: Yes, sir.
 THE COURT: And in view of that you still wish to enter your plea of guilty?
 MR. HALL: Yes, sir, Your Honor.
 THE COURT: All right, I will accept it.
 
 
 [2]
 MR. GAFFNEY (for respondent United States): If Your Honor please, is the posture of this hearing today that the Government is ordered to show cause why the allegations are not to be taken as true so that we must put up evidence first, or
 THE COURT: The movant would proceed first.
 MR. BURROWS (for petitioner Hall): All right, sir.
 THE COURT: The burden is on him to show it.
 (Transcript at 5)
 
 
 [3]
 8 Moore, supra, at P11.03 (4). See 1 Wright, supra, at 174
 
 
 [4]
 Neither the attorney appointed to represent Hall on the 2255 motion, the Government, or the court below have referred to this portion of Hall's complaint. Nevertheless, it is our duty to take notice of it, especially in view of Hall's repeated denials in the 2255 hearing that he committed the acts with which he was charged. See United States v. Untiedt, 8 Cir. 1973, 479 F.2d 1265; Majko v. United States, 7 Cir. 1972, 457 F.2d 790