**Rudolfo RUIZ, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

No. 73–3749
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 16, 1974.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Rudolfo Ruiz, pro se.

Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for respondent-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

---

**PER CURIAM:**

Petitioner Ruiz appeals from the denial of a motion to vacate his sentence and set aside his plea of guilty to one count of distributing narcotics in violation of 26 U.S.C. § 4704(a). He contends that relief pursuant to 28 U.S.C. § 2255 is required because: (1) he was not informed that he would be sentenced as a second offender against the federal narcotics laws prior to entering his plea of guilty, and (2) the trial court did not ascertain the factual basis for the plea as required by Rule 11 of the Federal Rules of Criminal Procedure. We find no merit in these arguments and affirm.

██ Petitioner rests his contention that he was entitled to know that he would be sentenced as a second offender before entering his plea on the terms of 21 U.S.C. § 851(a)(1) and Rule 11, Fed.R.Crim.Proc. Ruiz correctly notes that § 851(a)(1), the statute now governing enhanced sentences in narcotics cases, permits the harsher punishments for multiple offenders only when the Government has filed an information on any previous convictions in advance of trial or entry of a guilty plea. He has neglected to observe, however, that this statute did not become effective until some three years after his trial. In May, 1968, the time of petitioner's plea and sentencing, enhanced terms were fixed under the provisions of 26 U.S.C. § 7237. That section specifically directed that the court and the defendant be provided with the Government's information on prior drug offenses "after conviction (but before pronouncement of sentence)".[1] The Government followed that procedure in this case; and the transcript of the sentencing hearing reveals no deviation from the requirements of § 7237.[2]

1. 26 U.S.C. § 7237(c)(2).

2. Petitioner alleges at one point in his brief that the trial court did not afford him the opportunity, required under the old and new statutes, to affirm or deny the Government's allegation of a prior conviction. The transcript of the sentencing proceeding, however, entirely refutes this contention. After the Government had presented to the court an information charging petitioner with a prior narcotics conviction in the Western District of Texas on May 20, 1960, his counsel responded that the allegation was indeed true.

In order to be accepted under Rule 11 a guilty plea must have been given "with understanding of the . . . consequences of the plea." Petitioner contends that since one of those consequences is the sentence to be imposed by the court, he ought to have been informed before entering his plea whether the Government had sufficient evidence of a prior conviction to trigger enhanced punishment. Though ingenious, this argument lacks merit.

Before entering his plea Ruiz received a full and accurate explanation of the sentences that could be imposed for a violation of 26 U.S.C. § 4704(a), including the higher level of punishment required in the event of a prior federal narcotics violation. The record of the May arraignment discloses that petitioner not only stated that he understood the possible punishments awaiting him, but also admitted to a federal narcotics violation in 1960. While he still lacked definite knowledge that the Government had proof of the prior conviction, that doubt as to final disposition is not significant in assessing the validity of the plea.

Rule 11 does require disclosure of information on the punishment authorized by statute. It is only necessary, however, that the defendant know the range of possible sentences, not the exact penalty that the court will assess in the event of a guilty plea. See United States v. Blair, 5 Cir. 1972, 470 F.2d 331; United States ex rel. Hill v. United States, 5 Cir. 1971, 452 F.2d 664; United States v. Woodall, 5 Cir. 1970, 438 F.2d 1317; Tucker v. United States, 5 Cir. 1969, 409 F.2d 1291. Nor is a defendant who is subject to punishment under more than one sentencing statute entitled to know prior to his pleading which statute the court will utilize. Rule 11 mandates only that the defendant be told of the possibility of sentencing under one of several provisions and the minimum and maximum penalties required

by each. See Mordecai v. United States, 1969, 137 U.S.App.D.C. 198, 421 F.2d 1133, cert. denied 397 U.S. 977, 90 S.Ct. 1098, 25 L.Ed.2d 272; Robinson v. United States, 10 Cir. 1973, 474 F.2d 1085. In line with these decisions, petitioner was given ample information on the statutory *possibilities*. Rule 11 demands no more.

Petitioner's second contention—that the district court did not take steps to satisfy itself that there was a factual basis for the plea as required by Rule 11—cannot withstand a reading of the transcript of the arraignment. The record conclusively shows that prior to entering judgment the trial court requested a synopsis of the evidence against petitioner from the prosecutor and that petitioner admitted under oath that the facts alleged were true. This procedure satisfies both the letter and the spirit of Rule 11. Cf. Hall v. United States, 5 Cir. 1974, 489 F.2d 427.

Affirmed.

---

Ruiz was then asked by the court if he had any comments to make and petitioner stated that he did not. The record discloses, therefore, both counsel's admission and petitioner's acquiescence.